## Rufo, Appellant, v. The Bastian-Blessing Company.

Argued November 10, 1964.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Rudolph J. Di Massa*, for appellants.

*Philip Price*, with him *George J. Miller*, and *Dechert, Price & Rhoads*, for appellee.

OPINION BY MR. JUSTICE COHEN, March 16, 1965:

This is an appeal from an order dismissing plaintiffs' complaint in assumpsit for damages arising from the alleged breach of implied warranties of fitness for intended purpose and merchantable quality.

The complaint was filed July 12, 1960. It alleged that in March of 1956, in Philadelphia, plaintiff, Clementino Rufo, purchased from one J. F. Martin a refilled, portable cylinder of liquified gas for use in a torch in connection with his work, that defendant, Bastian-Blessing Company, manufactured a valve connected with such cylinder, that defendant impliedly warranted to plaintiff the fitness of the valve for said purpose, its merchantability, and its possession of all the qualities required by usage of trade, that plaintiff relied on defendant's skill and judgment and had no knowledge to the contrary, and that the breach of these warranties resulted in an explosion on December 8,

1957, when gas escaped from the valve and caught fire, causing personal and property damage to plaintiffs.

The defendant is an Illinois corporation and is not registered in Pennsylvania. In July of 1960, substituted service of the complaint was had, purportedly pursuant to the Business Corporation Law, which, at that time, provided: "Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process *in any action arising out of acts or omissions of such corporation within this Commonwealth.*" (Emphasis supplied). Act of May 5, 1933, P. L. 364, §1011B, added by Act of September 26, 1951, P. L. 1475, §22, 15 P.S. §2852-1011B.

Defendant filed preliminary objections to the complaint, challenging the jurisdiction of the court over its person upon the grounds that (1) it was not doing business in Pennsylvania, and (2) the action did not arise out of any "acts or omissions" of defendant in Pennsylvania. The objections were overruled and defendant appealed to our Court, giving rise to our decision in *Rufo v. The Bastian-Blessing Company,* 405 Pa. 12, 173 A. 2d 123 (1961). There we held that although defendant was doing business, within the meaning of the statutory provision cited above, no "acts or omissions" were done by the defendant in the Commonwealth. Accordingly, we held that the substituted service was improper and that the lower court had no jurisdiction over defendant's person. Our order was as follows: "Order reversed. Costs on appellees."

Defendant filed its bill of costs, and plaintiffs filed exceptions thereto. No taxation was had because plaintiffs obtained a rule to show cause which stayed pro-

ceedings and was never finally determined.[1]

Thereafter, on August 22, 1962, plaintiffs brought another suit against defendant on the same cause of action in the United States District Court for the Eastern District of Pennsylvania. This action was dismissed on April 25, 1963, on the ground that the court had no jurisdiction over defendant's person. The District Court further noted that ". . . it appears clear from the record that the complaint states no claim for which relief could be granted because of the expiration of the applicable statute of limitations."

On August 13, 1963, the Legislature amended §1011B of the Business Corporation Law, set forth above, as follows: "Any foreign . . . corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively

---

[1] Apparently because of our decision in the first appeal, that defendant was doing business in Pennsylvania, defendant was required by the lower court to show cause why an order should not be issued compelling defendant to obtain a certificate of authority from the Department of State, to pay a $250.00 fine to said Department before attempting to recover costs, to appoint an agent to receive service of process in plaintiffs' cause of action or be held in contempt and cause the Prothonotary to be appointed agent, to refrain from doing further business in this Commonwealth, and to account to the court for all funds received as a result of its activities in the Commonwealth, from the date of our opinion, and to deposit said funds in court for further disposition. The rule was made returnable on October 30, 1961 and all proceedings were stayed in the meanwhile. A hearing was held on that date and apparently leave was granted to order the hearing for a later date. No further action was taken on the rule. Both parties raised a question below as to the propriety of entertaining further proceedings while the stay and resolution of the issues involved were outstanding. But nothing has come of this question and the parties have not raised it on appeal. Therefore, it is not an issue here. Further, it may not hereafter detract from the finality of this decision.

presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process *in any action arising within this Commonwealth.*" (Emphasis supplied).

On October 1, 1963, on plaintiffs' praecipe, the prothonotary of the lower court purported to reinstate plaintiffs' complaint, which had originally been. filed on July 12, 1960. The complaint was again served on defendant, purportedly under the amended §1011B of the Business Corporation Law.

Defendant filed preliminary objections (1) in the nature of a motion to strike the complaint on the grounds that the action had been terminated by our prior decision on appeal or had been abandoned by the institution of suit in the District Court, (2) in the nature of a demurrer on the ground that the applicable statute of limitations barred the suit either because the action was too late when initially filed in July of 1960 or because our decision on the first appeal terminated the action in favor of defendant and the reinstatement of the complaint in 1963 was like the filing of a new complaint beyond the limitation period, and (3) in the nature of a challenge to jurisdiction over defendant's person on the grounds that, in violation of Pa. R. C. P. 2180(c) and §1011B of the Business Corporation Law, plaintiff did not obtain the court's leave to obtain substituted service, and, further, plaintiffs' cause did not "arise within this Commonwealth" as required by §1011B.

Plaintiffs filed an answer to defendant's preliminary objections (1) denying termination or abandonment (2) averring that the action was begun by complaint filed on July 12, 1960, within the statute of limitations, and that the complaint had never been dismissed nor had the action been abandoned, and (3) requesting overruling of the jurisdictional objec-

tion on the ground that service was had pursuant to the statute and the cause of action arose within the Commonwealth.

The lower court held (1) that the complaint on its face showed that plaintiffs' action was barred by the statute of limitations, (2) that plaintiffs abandoned the action when they filed suit in the Federal District Court and reinstitution of the suit was barred by the statute of limitations, and (3) that it had no jurisdiction over defendant's person because the cause of action did not arise within this Commonwealth. The court dismissed the complaint.

In affirming, we find it necessary to discuss only one issue. The complaint was properly dismissed because it is apparent on its face that it was originally filed beyond the period permitted by the applicable statute of limitations.

By this action of assumpsit plaintiffs seek to recover consequential damages arising from breaches of implied warranties in connection with the sale of goods under the Uniform Commercial Code—Sales.[2] The Code provides: "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . . (2) A cause

---

[2] Act of April 6, 1953, P. L. 3, §§2-101 to 2-725, 12A P.S. §§2-101 to 2-725. Section 2-314 provides, inter alia, "(1) Unless excluded or modified . . ., a warranty that the goods shall be merchantable is implied in a contract for their sale. . . . (2) Goods to be merchantable must be at least such as . . . (c) are fit for the ordinary purposes for which such goods are used. . . ." Section 2-315 provides: "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose." Section 2-715 provides: "(2) Consequential damages include . . . (b) injury to person or property proximately resulting from any breach of warranty."

of action accrues when the breach occurs, *regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made,* except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Act of April 6, 1953, P. L. 3, §2-725, 12A P.S. §2-725. (Emphasis supplied).

Notwithstanding the fact that plaintiffs are claiming personal injuries, the suit is in assumpsit, based upon warranties; therefore, with an exception not here applicable, it must be brought within four years of the breach of warranty, as the statute provides, regardless of the time of the accident directly giving rise to the damages claimed. Cf. *Gardiner v. Philadelphia Gas Works,* 413 Pa. 415, 197 A. 2d 612 (1964).[3] Applying the statute, the latest time that the alleged breaches of implied warranties could have occurred and, therefore, the latest time that the cause could have accrued was when Rufo took delivery of the allegedly defective cylinder in March of 1956. Because the complaint was filed more than four years later, in August of 1960, it was too late.

-----

[3] In *Gardiner* the main question was whether the two year statute of limitations on recovering damages for personal injuries, imposed by the Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34, prohibited recovery of such damages beyond such period but within the four year period of the Commercial Code. In answering that question in the negative we did not find it necessary to expressly state when the four year period provided by the Code began to run because the suit in *Gardiner* was within four years of the breach of warranty. However, it is clear from our citation, in fn. 7 of *Gardiner,* of *Engelman v. Eastern Light Co.,* 30 Pa. D. & C. 2d 38 (1962), that the period was to be calculated from the date of the breach of warranty, as provided in the statute, and not from the date of the occurrence of the accident giving rise to the damage.

Plaintiffs argue on appeal that the statute of limitations is an affirmative defense to be pleaded under new matter rather than by preliminary objection, and that they must be given an opportunity to overcome the pleading of such a defense. It is true that we have held that ordinarily the statute of limitations must be pleaded as new matter pursuant to Pa. R. C. P. 1030. See *Quaker City Chocolate and Confectionery Company v. Delhi-Warnock Building Association,* 357 Pa. 307, 314, 53 A. 2d 597, 601 (1947). But plaintiffs did not raise any question in the court below of whether defendant's pleading might be defective. Plaintiffs could easily have filed a preliminary objection to defendant's preliminary objection in the nature of a motion to strike because of lack of conformity to law or rule of court under Pa. R. C. P. 1017(b)(2). 2 Anderson Pennsylvania Civil Practice §1017.14. Having failed to do so they may be deemed to have waived any objection to defendant's form of pleading. Pa. R. C. P. 1032, 2A Anderson Pennsylvania Civil Practice §1032.3.

Even more important, plaintiffs not only failed to object but also they answered and denied defendant's preliminary objection based on the statute of limitations. In effect, they treated defendant's objection as new matter and answered it. In so doing they did not raise any issues of fact that might have to be tried; they simply asserted that the original action was timely. We fail to see what more they could have derived from a more strict course of pleading—a course which they did not insist upon themselves. Accordingly, there is no prejudice involved in our affirmance of the sustaining of a preliminary objection based upon the statute of limitations. See *Marucci v. Lippman,* 406 Pa. 283, 177 A. 2d 616 (1962).

Order affirmed.

Mr. Chief Justice BELL concurs in the result.