## Lawrence County Housing Authority v. Fireman's Fund Insurance Company

*Philip E. Morris*, for plaintiff.

*Robert E. Jamison*, for defendant.

LYON, J., November 1, 1966.—This case is before the court upon defendant's preliminary objection to the complaint. The cause of action, as stated in the complaint, is based upon an alleged written contract between the parties which contains a contractual statute of limitations. Defendant contends that this two-year contractual period of limitations expired before commencement of this action.

In Holland v. Spiker, 39 D. & C. 2d 463 (1966), this court held that the statute of limitations in a personal injury case must be pleaded in the answer under the heading of "New Matter" and cannot be raised in a

preliminary objection where the opposing party has objected to the procedure. The same rule applies to a contractual period of limitation: Washington-East Washington Joint Authority v. Roberts & Schaefer Co., 41 Wash. Co. 49 (1960). However, where the defense of the statute of limitations is improperly pleaded in a preliminary objection to the complaint and plaintiff does not file a preliminary objection or otherwise object to the procedural irregularity, any objection to the defective form of defendant's pleading of the objection is waived, and the court may properly determine the statute of limitations issue even though improperly raised in defendant's preliminary objection: Rufo v. The Bastian-Blessing Company, 417 Pa. 107, 207 A. 2d 823 (1965). Thus, plaintiff, having here failed to object to the procedure employed by defendant in raising the contractual statute of limitations issue, cannot now complain about the improper inclusion of this objection in the preliminary objection, or otherwise object to a determination of this issue based upon the facts properly before the court.

The alleged cause of action is based upon an averred written contract of the type known in the construction trade as a performance bond and so specifically designated by the parties to this action. It was duly executed on June 27, 1961, the same date as the underlying contract between plaintiff and Butler Plumbing & Heating Supply, Inc. The condition of the bond is such that if Butler shall promptly and faithfully perform the underlying contract, then the obligation under the bond shall be null and void; otherwise, the bond would remain in full force and effect, and it was then incumbent upon defendant to complete the contract in accordance with its terms and conditions. Butler undertook to perform, in accordance with the specifications attached to the underlying contract, certain piping and plumbing installations in and about the

housing project then being constructed by plaintiff. However, it was found, according to the complaint, that Butler failed to perform wholly in accordance with the contract because of its failure to install certain dielectric fittings and gooseneck vents. The stated purpose of the complaint is to recover damages suffered by plaintiff by reason of Butler's said alleged failure of performance.

Defendant's preliminary objection merely states the conclusion that the cause of action was not "instituted before the expiration of two (2) years from the date on which final payment under the contract falls due". Plaintiff's answer thereto avers that the certificate of completion upon which final payment was due was executed by plaintiff and the architect on February 25, 1963, and approved by the Public Housing Authority on March 4, 1963. Then follows the conclusion that since the complaint was filed on February 24, 1965, the action was commenced within the two year contractual period of limitations.

Excellent briefs submitted by attorneys for the respective parties set forth the aforesaid contention of plaintiff as stated in its answer to the preliminary objection, as well as the contention of defendant that the contractual period of limitations began to run on October 5, 1962, the day on which Butler certified that final payment was due under the contract.

However, there exists before the court no competent evidence upon which to make a factual determination that Butler certified the final payment due under the contract on October 5, 1962. The preliminary objection authorized by Pennsylvania Rule of Civil Procedure 1017(b) is a pleading, and, as such, is subject to all pleading rules: 2 Anderson, Pa. Civ. Prac. §1017.10. Where new factual matters are raised, the preliminary objection proceedings become, in effect, a new subsidiary issue, to be determined preliminarily prior

to the adjudication of the main issues on the merits. The preliminary objection thus becomes a complaint subject to all the rules of pleading of the complaint including the endorsement of a notice to plead and a verification of the new averments of fact, not of record. Plaintiff, as the defending party, has the right to file a preliminary objection raising any appropriate defenses or objections to defendant's preliminary objections and has the duty of filing an answer to the averment of fact which in all respects will be the equivalent of a defendant's answer to a complaint, if the preliminary objections are endorsed with the notice to plead: 1 Goodrich-Am. §1028(c)-2.

But here in the present case, the facts supporting the preliminary objection can be found only in the briefs of the parties. No material facts supporting the preliminary objection appear of record in the pleadings, by deposition or otherwise, as required by Pa. R. C. P. 1028(c). Under these circumstances, particularly in light of the fact that a contractual statute of limitations is more properly pleaded in the answer under the heading of "New Matter", it is more desirable that the issue raised by this preliminary objection be determined at the trial of the action, where all of the relevant facts may be fully developed: Malone v. Litzenburg, 7 D. & C. 2d 193, 34 Wash. Co. 184 (1954); Shea v. Cummings, 81 D. & C. 556, 53 Lack. Jur. 15 (1952). There is also authority for the proposition that when a preliminary objection raises an issue requiring the production of extensive evidence, the court has the discretion to postpone disposition of the matter until trial on the merits: Ellison v. Mitchell, 110 Pitts. L. J. 151 (1962); Mittleton v. Grove, 2 Centre 95 (1961); Schmick v. Northwestern Production Corporation, 24 D. & C. 2d 542 (1961).

However, in order to raise this objection at the time of trial, it is incumbent upon defendant to preserve

its rights under the contractual statute of limitations by properly pleading in the answer the facts relied upon in a concise and summary form: Pa. R. C. P. 1019 and 1030.

ORDER OF COURT

And now, November 1, 1966, defendant's preliminary objection is hereby dismissed. Defendant is granted 20 days within which to plead to the complaint. Exception sealed for defendant.