## Cunjak v. Lectromelt Corporation

*Gilbert E. Petrina,* for plaintiff.

*James H. Thomas,* for defendant, Bethlehem Steel Corporation.

WICKERSHAM, J., July 12, 1972.—On December 11, 1970, Catherine Cunjak, Executrix of the Estate of Nicholas J. Cunjak, deceased, instituted the present

action in trespass by the filing of a praecipe for writ of summons with the prothonotary.[1]

The sheriff received the writ of summons from the prothonotary on the same date, December 11, 1970.[2] The named defendants included Lectromelt Corporation of Pittsburgh, Dravo Corporation of Pittsburgh and Bethlehem Steel Corporation of Bethlehem, Pa. On January 15, 1971, the Sheriff of Dauphin County returned the writ of summons "not found" as to the within named defendants.

On December 9, 1971, the writ of summons was reissued and on December 10, 1971, the writ, as reissued, was processed by virtue of the Sheriff of Dauphin County deputizing the Sheriff of Northampton County, Pa., to serve the reissued writ upon Bethlehem Steel Corporation and by deputizing the Sheriff of Allegheny County to serve the reissued writ upon Dravo Corporation and Lectromelt Corporation.[3]

On January 28, 1972, Bethlehem Steel Corporation, one of the defendants herein, filed preliminary objections to the writ of summons in the nature of a petition raising the question of jurisdiction.[4] On February 15, 1972, counsel for plaintiff filed preliminary objections to the preliminary objections of Bethlehem Steel Corporation. The matter is presently before the court for resolution of these various objections.

---

[1] Pennsylvania Rules of Civil Procedure, Rule 1007(1) and Rule 1041.

[2] The writ of summons had the hand-written notation "hold—will advise."

[3] On December 21, 1971, the Allegheny County Sheriff made service upon Lectromelt Corporation in Pittsburgh and upon Dravo Corporation on December 15, 1971, in Pittsburgh. On December 16, 1971, the Sheriff of Northampton County made service of the reissued writ on Bethlehem Steel Corporation.

[4] Pennsylvania Rule of Civil Procedure 1017(b)(1).

There is, of course, no doubt but that plaintiff had a right to have the writ of summons reissued and the reissued writ served by the sheriff within 30 days after reissuance as was done in the instant case.[5] As was said in Laulerback v. Laulerbach, 202 Pa. Superior Ct. 260, 263 (1963):

". . . Nor is the suit 'dead' merely because the complaint has not been served within thirty days of its filing. Under Pa. R. C. P. No. 1010(a), the complaint may be reinstated without commencing a new suit. And the mere filing of the suit in good faith stops the running of the statute of limitations. Gibson v. Pittsburgh Transportation Co., 311 Pa. 312, 166 A. 842 (1933); Goodrich-Amram, §1010(b)-1."

The basic contention of defendant, Bethlehem Steel Corporation,[6] is that the writ of summons issued by the prothonotary on December 11, 1970, was a nullity in that plaintiff directed the Sheriff of Dauphin County to "hold" the writ and thereby affirmatively acted to prevent the service of said writ of summons and, the argument continues, since the writ of summons is allegedly a nullity, this court lacks jurisdiction over defendant, Bethlehem Steel Corporation, in that said defendant has been served with improper process. Defendant, Bethlehem Steel Corporation, in its preliminary objections further argues that plaintiff's causes of action are barred by the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, the two-year personal injury statute of limitation and further by the Act of April 26, 1855, P. L. 309, sec. 2, 12 PS §1603, the one-year statute of limitations pertaining to

---

[5] Pennsylvania Rule of Civil Procedure 1010.

[6] No appearance has been entered of record on behalf of Lectromelt Corporation or Dravo Corporation, both of whom were duly served with the reissued writ of summons as set forth hereinabove.

death actions. Accordingly, defendant Bethlehem Steel Corporation requests the court to dismiss the writ of summons and plaintiff's causes of action in the above matter.

The instant case is distinguishable from the situation in Bittler, Admx. v. Rocco Bono Equipment Rentals, Mercer County, 38 D. & C. 2d 458 (1966), wherein plaintiff filed a praecipe for writ of summons with the prothonotary and then notified the prothonotary to hold the *praecipe*. The Bittler case held, at page 461:

" 'However, when the plaintiff went further and notified the Prothonotary to hold the praecipe, in effect they *nullified* their action in filing it. In other words, while purporting to commence an action, they expressly prevented the commencement of it by simultaneously stopping and thereby *nullifying* the effect of their praecipe.' "

In the instant situation, the praecipe for writ of summons was duly filed, the writ of summons duly issued from the prothonotary to the sheriff and it was the sheriff who was directed to hold service of the writ of summons until some months later when the writ was reissued and, as reissued, served by the sheriff as indicated hereinabove.

It is, of course, the position of plaintiff that the law suit against the three named defendants has been properly brought and served and further that defendant, Bethlehem Steel Corporation, may not, by preliminary objection, raise the affirmative defense of statute of limitations. We agree.

Taking these points seriatim, the recent decision of Peterson v. Philadelphia Suburban Transportation Company, 435 Pa. 232 (1969), points out that Pennsylvania Rule of Civil Procedure 1010(b) providing for the reissuance of a writ was not meant to create

rights ad infinitum in anyone and that its language must be construed by reasonable interpretation. The court, speaking through Mr. Justice Pomeroy, said, at page 241:

". . . The same limitation is to be applied to the time in which a writ of summons may be *reissued* as was formerly applied for *the issuance* of an alias or pluries writ, i.e., a writ of summons may be reissued only for a period of time, which, measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action. See: 2 Pennsylvania Civil Practice, Sec. 1010.5; 1 Goodrich-Amram Procedural Rules Service, §1010(b)-1. See also Rufo v. Bastian-Blessing Co., 420 Pa. 416, 218 A. 2d 333 (1966); Marucci v. Lippman, 406 Pa. 283, 285, 177 A. 2d 616 (1962).

"In Salay v. Braun, 427 Pa. 480, 485, 235 A. 2d 368 (1967), we recognized, moreover, that the right in a plaintiff to keep an action alive until service can be made on a defendant was not absolute for any particular period of time: it 'has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution.' "

The instant case is clearly distinguishable from the factual situation in Peterson v. Philadelphia Suburban Transportation Company in that, in the Peterson case, the original writ was directed to be held and not served and was never reissued within the time allowed by the appellate court decision. In the instant case, as pointed out hereinabove, the writ of summons was issued by the prothonotary to the sheriff; the sheriff was directed to hold service thereon and subsequently, and within a period of one year, the

original writ was reissued and served within 30 days, all as provided for by law.

Finally, there can be no question but that preliminary objections are not the proper vehicle for raising the defense of the statute of limitations.[7]

We do not have the situation here where plaintiff failed to challenge the procedure adopted by defendant as was the situation in Yefko v. Ochs, 437 Pa. 233 at 236 (1970), opinion by Mr. Justice Pomeroy, wherein plaintiff was held to have waived any objections she might have had to the defense that the statute of limitations was raised by preliminary objections. In a footnote, the court said:

"The court below stated that the defense of the statute of limitations could be raised by preliminary objections where no proper complaint had been served or filed, despite Pennsylvania Rule of Civil Procedure 1030 which provides that such an affirmative defense shall be raised as new matter in a responsive answer. Plaintiff failed to challenge the procedure adopted by the defendant in the court below as she might have by filing preliminary objections under Rule 1017(b)(2) and the issue has not been raised on this appeal. Appellant has thus waived any objection

---

[7] The Pennsylvania Rule of Civil Procedure 1030, entitled "New Matter," provide that:

"All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, immunity from suit, impossibility of performance, laches, license, payment, release, res judicata and waiver, and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, shall be pleaded in a responsive pleading under the heading 'New Matter'. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading."

714

she might have had, and we do not pass upon the validity of the procedure employed. See Rufo v. The Bastian-Blessing Co., 417 Pa. 107, 207 A. 2d 823 (1965) and Pennsylvania Rule of Civil Procedure 1032."

See also Quaker City Chocolate and Confectionery Company v. Delhi-Warnock Building Association, 357 Pa. 307, 314 (1947) and Rufo v. The Bastian-Blessing Co., 417 Pa. 107 (1965), and Mikula v. Harrisburg Polyclinic Hospital et al., 94 Dauph. 328, 336 (1972).

## ORDER

And now, July 12, 1972, the preliminary objections of plaintiff in the nature of a motion to strike off a pleading because of lack of conformity to law or rule of court are sustained and the preliminary objections of defendant Bethlehem Steel Corporation are hereby dismissed.