Bruce IUDICELLO and Dagmar Iudicello

v.

ALDENS, INC., AMF Cycle Division of AMF Co., AMF Co., Wright Contracting Co., Inc., and Bicycle Manufacturer's Association' of America and Larry Schoenenberger and Joseph Ruggiero.

Civ. A. No. 77–1673.

United States District Court,
E. D. Pennsylvania.

Jan. 17, 1979.

Martin D. Cohen, Easton, Pa., for plaintiffs.

Glenn C. Equi, Philadelphia, Pa., for AMF.

Harry A. Short, Jr., Philadelphia, Pa., for Aldens.

R. C. Glazer, Philadelphia, Pa., for Wright.

J. D. DiGiacomo, Easton, Pa., for Schoenenberger.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In this action to recover damages for personal injuries, plaintiffs have pleaded five causes of action, including one for breach of warranty, express and implied, in connection with a bicycle purchased by plaintiffs and manufactured by defendants AMF Cycle Division of AMF Co. and AMF Company (the AMF defendants). The AMF defendants have now moved for partial summary judgment as to the third cause of action alleging breach of warranties.

Defendants allege that the statute of limitations for the sale of goods in Pennsylvania is governed by the Uniform Commercial Code, which holds that the limitations period is four years from when the breach of warranty occurs, and that the breach occurs when tender of delivery is made. Defendants aver that since plaintiffs allegedly purchased the bicycle on or about April 1, 1973, and the lawsuit was commenced on May 13, 1977, the limitations period has expired and this cause of action is barred.

We are bound to apply the law of Pennsylvania which supports this assertion. In *Rufo v. The Bastian-Blessing Co.*, 417 Pa. 107, 207 A.2d 823 (1965), an action for breach of warranty was held properly dismissed as time-barred since it was brought more than four years after plaintiff took delivery of the allegedly defective product. Likewise, *Peeke v. Penn Central Transportation Co., Inc.*, 403 F.Supp. 70 (E.D.Pa. 1975) held that an action for breach of warranty was barred when it was brought ten years after the machine in question was purchased by the predecessor in interest to plaintiff's employer.

Plaintiff urges us to hold that the cause of action did not arise until the accident occurred, but such a holding would be contrary to the clear language of *Rufo*, which specifically stated that the suit had to be brought within "four years of the breach of warranty, as the statute provides, regardless of the time of the accident directly giving rise to the damages claimed". (417

Pa. at 107, 207 A.2d at 826) Accordingly, we hold that the third cause of action is time-barred, and will grant the motion for partial summary judgment.