**Brown v. Bank of America (Countrywide Home Loans)**

C.P. of Lawrence County, No. 10652 of 2013, C.A.

*Judy Brown*, pro se plaintiff.
*Gretchen Woodruff Root*, for defendant.

MOTTO, *P.J.*, November 22, 2013—Before the court for disposition are the preliminary objections of the defendant Bank of America to plaintiff's complaint in the nature of a demurrer pursuant to Pa.R.C.P. 1028(a)(4). Defendant contends that plaintiff's action is barred by the doctrine of res judicata because it involves the same action and parties as were involved in the foreclosure proceedings at case captioned *Bank of New York, as trustee for certificate holders of CWMBS 2003-R4 v. Judy D. Brown*, Case No. 11365 of 2007, C.A., Lawrence County, as well as the same action and parties that were involved in magisterial district court proceedings in Lawrence County at no. CV-85-13. Because this court concludes that plaintiff's complaint constitutes an impermissible collateral attack on the final judgment entered in the foreclosure proceedings at Case No. 11365 of 2007, C.A. and all the necessary elements required for the doctrine of res judicata to apply are present, the court will sustain the

defendant's preliminary objection and dismiss plaintiff's complaint with prejudice.

In general, plaintiff's complaint alleges acts of impropriety by defendant Bank of America, relative to a mortgage loan contract with plaintiff as mortgagor which ultimately resulted in foreclosure proceedings at Case No. 11365 of 2007, C.A. Count I of the complaint alleges that defendant engaged in fraud, misrepresentation and deceptive business practices by inflating the value of her property to qualify for a FHA loan; utilizing a notary who notarized documents without the signer of the document being present before the notary; retaining the Phelan, Hallinan and Schmeig law firm to pursue foreclosure using fraudulent loan documents and providing an address in Plano, Texas that is actually a processing center; and further alleging that defendant "pushed loan through direct endorsements system" knowing it didn't qualify. In count II of the complaint, plaintiff alleges a breach of contract contending that defendant placed a mortgage upon her property even though the property was not titled as real estate and did not qualify for FHA financing and otherwise in failing to follow FHA regulations when foreclosing upon the real estate.

The proceedings at Case No. 11365 of 2007, C.A. constitute a foreclosure action based upon the same mortgage which is the subject of the proceedings in the instant action. In that proceeding the defendant failed to respond to the complaint with the result that a default judgment was entered against her. Approximately five years after the entry of the default judgment plaintiff engaged in filing a series of motions and petitions seeking to contest, and ultimately, to open or set aside that judgment, which were unsuccessful. Aside from the proceedings filed at

the foreclosure action itself, plaintiff filed a complaint against Bank of America in the magistrate district court in Lawrence County at Case Number CV-85-13 alleging similar claims related to her mortgage which action was dismissed by the district court judge.

Initially, the court will examine the propriety of addressing the affirmative defense of res judicata through preliminary objections. Pa.R.C.P. 1030 contemplates that all affirmative defenses, including res judicata, shall be pleaded in a responsive pleading under the heading of "new matter". Ordinarily a court may not take judicial notice in one case of the record in another case even though the case arose in the same court and the contents of those records are known to the court. *Callery v. Municipal Authority of Blythe Twp.*, 432 Pa. 307, 243 A.2d 385 (1968). However, if the circumstances necessary to sustain the plea of res judicata appear on the face of the complaint, the defense may be raised by preliminary objections. *Jones v. Costlo*, 354 Pa. 245, 47 A.2d 259 (1946) cited in *Callery v. Municipal Authority of Blythe Twp.*, 432 Pa. at 307, 243 A.2d 385. (1968). However, if the circumstances necessary to sustain the plea of res judicata appear on the face of the complaint, the defense may be raised by preliminary objections. *Jones v. Costlo*, 354 Pa. 245, 47 A.2d 259 (1946) cited in *Callery v. Municipal Authority of Blythe Twp.*, 432 Pa. at 310, 243 A.2d at 387. In *Flemming v. Strayer*, 367 Pa. 284, 80 A.2d 786 (1951), also cited by the *Callery* court, the original complaint referred to the prior action. The complaint was then amended to delete any reference to the prior suit. The Supreme Court held that the admission of the existence of the prior judgment still appeared on the face of the record and permitted the defendant to assert a res judicata defense by preliminary objection.

Here, plaintiff has specifically referenced the prior foreclosure proceedings in her complaint. Paragraph 9 of the complaint specifically alleges that "foreclosure proceedings were initiated in September of 2007 and recorded in the office of the prothonotary under civil action 11365-2007." Additionally, paragraphs 10 through 14 reference procedures that occurred in that action including an order of court entered therein that resulted in a finding that the mobile home located upon her real estate was in fact part of the real estate and subject to the foreclosure proceedings. Here, the defense of res judicata may be raised by preliminary objection because of plaintiff's reference to the prior judgment in her complaint.

Additionally, if plaintiff wished to challenge the defendant's method of raising the res judicata claim by preliminary objection, the proper procedure would have been a preliminary objection in the nature of motion to strike because of lack of conformity to law or rule of court, such procedure being required by Pa.R.C.P. 1017(b)(2). Since plaintiff has failed to avail herself of the appropriate procedure to challenge any alleged improper matter contained in defendant's preliminary objection and has in fact addressed the defendant's preliminary objections on their merits, acknowledging not only the foreclosure action, but the proceedings before the magisterial district court, the court will therefore address the merits of the res judicata claim. *See Rufo v. The Bastian-Blessing Co.*, 417 Pa. 107, 207 A.2d 823 (1965); *Callery v. Municipal Authority of Blythe Township, supra.*

The foreclosure action at Case No. 11365 of 2007, C.A. relative to plaintiff's mortgaged property, and brought on the same mortgage identified in this action, was filed on September 12, 2007. The complaint was served by the

sheriff of Lawrence County by personal service upon the plaintiff on September 17, 2007. Plaintiff did not file an answer nor otherwise respond to the complaint, nor did she ever retain counsel. A default judgment in rem was entered against the plaintiff on October 31, 2007.

Plaintiff took no action on the record at the mortgage foreclosure action until June 7, 2012 when plaintiff filed a "motion to court" seeking a hearing for the review of evidence in regard to acts of fraudulent misrepresentation, breach of contract, intent to deceive, false statements and negligence "committed against [herself], mortgage and property." By order dated July 30, 2012, the motion was denied.

The parties acknowledge that on or about May 7, 2013, plaintiff filed a complaint against Bank of America before Magisterial District Court Judge Jennifer L. Nicholson at Case Number CV-85-13 alleging breach of contract and misrepresentation of collateral. The complaint was summarily dismissed by Judge Nicholson on or about June 10, 2013 without prejudice.

On June 17, 2013, plaintiff filed at Case No. 11365 of 2007, C.A. a motion to dismiss foreclosure complaint, which was denied by this court on July 1, 2013. On or about July 7, 2013, plaintiff filed a petition to open judgment and an "ammended [sic] petition" the following day. On July 9, 2013, this court issued a rule to show cause as to why the petition to open should not be granted and scheduled the matter for a hearing. After hearing and by opinion dated November 18, 2013, in the foreclosure action, this court denied the petition and "ammended" petition to open default judgment.

Where a final judgment on the merits has been rendered

by a court of competent jurisdiction, the doctrine of res judicata, or claim preclusion, will bar any future suit on the same cause of action between the same parties. *Chada v. Chada*, 756 A.2d 39, 42 (Pa. Super. 2000).

A default judgment qualifies as a judgment on the merits and is entitled to preclusive effect under the doctrine of res judicata. *McGill v. Soughthwark Realty Co.*, 534 Pa. 185, 828 A.2d 430, 435 (Pa. Commw. 2003); *Fox v. Gabler*, 626 A.2d 1141, 1143 (Pa. 1993).

In order to support a claim of res judicata, the party asserting the defense must show a concurrence of four conditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Stevenson v. Silverman*, 417 Pa. 187, 208 A.2d 786, *cert. denied*, 382 U.S. 833, 86 S. Ct. 76, 15 L.Ed.2d 76 (1965). The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Hochman v. Mortgage Finance Corp.*, 289 Pa. 260, 137 A. 252 (1927), cited in *Callery v. Municipal Authority of Blythe Township*, 432 Pa. at 312, 243 A.2d at 388.

The court finds that there exists identity in the thing being sued upon or for in these proceedings and in the foreclosure proceedings. The subject of both actions is the mortgage itself and the propriety of proceeding to foreclosure on the property which is the subject of the mortgage at 217 West Washington Street, New Castle, Lawrence County, Pennsylvania. In essence, in this case plaintiff is alleging that defendant engaged in improper conduct in placing a mortgage upon her property which ultimately resulted in a foreclosure proceeding. The

alleged improprieties relating to the creation of the mortgage should have and could have been raised as a defense to the foreclosure itself. The claims here relate to the validity of the mortgage and the extent to which the mortgage should have lawfully been considered to have constituted a mortgage lien upon the structure which she refers to as a mobile home located upon the real estate described in the mortgage. Although plaintiff is seeking money damages in this case and not seeking to set aside the foreclosure proceeding, nevertheless, if the mortgage was in fact valid, which issue has already been determined adversely to plaintiff by the effect of the judgment at no. 11365 of 2007 C.A., then there is no basis for damages. The thing being sued upon is the right to foreclose upon plaintiff's property pursuant to a valid mortgage because of plaintiff's default, identical matters being sued upon in both cases.

The court also finds that the element of identity-of-cause-of-action is also satisfied. The question which must be determined relative to this element is whether the two claims, that is, the claim raised in the foreclosure action and the claims raised here in the present action, have such a measure of identity and are so inextricably intertwined that a different judgment in the section action would operate to nullify or substantially impair rights or interests established by the judgment in the first action. *Del Turco v. Peoples Home Savings Asn'n.*, 478 A.2d 456, 463 (Pa. Super. 1984).

In *Del Turco*, the Superior Court considered the res judicata effect of a mortgage foreclosure judgment upon a subsequent suit brought by the mortgagor against the mortgagee. Del Turco had executed a mortgage in favor of Peoples Home Savings and Loan Association.

Subsequently, Peoples Home initiated a mortgage foreclosure action against Del Turco for failing to make monthly payments required by the terms of the mortgage and mortgage note. Del Turco failed to respond, and as a result a default judgment was entered against Del Turco. The subject real estate was sold at sheriff's sale and a schedule of distribution was made. Del Turco did not take any exception to the issuance of the writ of execution nor petition to set aside the sheriff's sale. After the completion of the mortgage foreclosure proceedings, Del Turco filed a complaint in trespass and assumpsit against Peoples Home. Peoples Home filed preliminary objections raising the defense of res judicata, which was permitted because of the references in the complaint to the mortgage foreclosure action. In finding that the doctrine of res judicata applied and identity of the causes of action, the court said the following:

> In the instant matter, appellants present a restitutionary theory of recovery that, in essence, challenges the amount of debt paid by Peoples Home pursuant to judgment in the mortgage foreclosure action. In counts I, II, recovery of sums allegedly neither paid by Peoples Home to Rawding Electric nor properly credited to appellants' mortgage loan account is sought. In count III, recovery of an amount in excess of what appellants allege to have been the reasonable value of attorney's services rendered in the mortgage foreclosure action is demanded. Clearly the litigation of these counts, if successful, would operate to undermine the initial judgment of Peoples Home. *See* Restatement (Second) of Judgments §58, Comment F. Illustration 9, 10 (1980); *see also, In Re Estate of Banes*, 479 Pa. 264, 388 A.2d 319 (1978) (per curiam, equally divided court). Therefore, we conclude that the preservation of

the integrity of judgments and the principle of finality underpinning res judicata theory requires preclusion from judicial consideration the averments set forth in counts I-III. Appellants had full opportunity to make these claims in the mortgage foreclosure action but failed to do so. As such, the preliminary objections to counts I-III were properly sustained by the lower court.

*Del Turco*, 329 Pa. Super. at 272, 478 A.2d at 463.

The same analysis as set forth in *Del Turco* applies equally here. If plaintiff's claims were allowed to go forward and if successful, the result would operate to undermine the initial judgment obtained in the mortgage foreclosure action. The in rem judgment in the mortgage foreclosure action necessarily requires a finding as to the validity and propriety of the mortgage itself. The allegations of fraud, misrepresentation, deceptive business practices and breach of contract all go to the validity of the mortgage which has been judicially determined to be in fact valid by virtue of the default judgment entered in that foreclosure action. Relitigation of the validity of the mortgage is precluded by principles of res judicata.

The identity of parties element requires that the parties to both proceedings either be identical or be parties in privity with identical parties. *O'Conner v. O'Conner*, 291 Pa. 175, 139 A. 734 (1927); *Stevenson v. Silverman*, 417 Pa. 187, 208 A.2d 786 (Pa. 1965). The plaintiff in the foreclosure action at no. 11365 of 2000, C.A. is Bank of New York, as trustee for the certificateholders of CWMVS2003-R4. The defendant in this proceeding is Bank of America. Those in privity are those whose relationship to the same right of property is mutual or successive. Privity denotes mutual or successive relationship to the right of property, title or estate. *O'Conner v. O'Conner*, 291 Pa. at 180,

139 A. at 735-736. Bank of New York as trustee for the certificateholders and as the owner of the subject mortgage filed the foreclosure action. Bank of America is the loan servicer. These parties are in privity with each other as having mutual rights to the property. The interest of both Bank of America and Bank of New York is mutual in that both parties have a legal interest in obtaining satisfaction of the mortgage and mortgage note through payment of the debt in full through payment of the debt in full or the ultimate completion of foreclosure proceedings. Thus, the court finds that the identity of parties element is satisfied.

Lastly, the court finds that the identity of the quality or capacity of the parties suing or being sued. Here the capacity of each of the parties is the same in each case. In each case, the capacity of Judy Brown, as plaintiff in this case and as defendant in the foreclosure, is that of the mortgagor disputing the validity or enforceability of the mortgage document or the property encompassed within it. This is not a case where the prior suit involved the same party acting in a different capacity as in *Security Trust Co. v. Feist*, 333 Pa. 536, 5 A.2d 119 (1939) holding that where a trust company acted in its capacity as a trustee in a prior proceeding, it was not bound by the judgment when it brought a subsequent proceeding as the same mortgage in its capacity as a mortgagee.

The application of res judicata requires a finding that the present parties actually had an opportunity to appear and assert their rights. *Hochman v. Mortgage Finance Corp.*, 289 Pa. 260, 137 A. 252 (Pa. 1927). Here, the plaintiff had the opportunity to appear as defendant in the mortgage foreclosure action to assert any claim she had as to the validity of the mortgage and the circumstances that lead to its creation and further to dispute the specific property to

which it applied, but failed to do so. The record establishes in the foreclosure action that she was served with the mortgage foreclosure complaint by personal service and failed to respond, resulting in a default judgment against her, which she belatedly unsuccessfully attempted to open. Plaintiff failed to take advantage of that opportunity in the mortgage foreclosure action. Having failed to do so, her effort to avoid the effect of that judgment must be found to be barred by principles of res judicata.

The defendant has also asserted a preliminary objection alleging non-joinder of a necessary party. Defendant requests that the court alternatively order plaintiff to amend her complaint by adding Bank of New York, the holder of the mortgage as a necessary party. Since the court has granted the preliminary objection seeking dismissal of the action by application of the doctrine of res judicata, it is not necessary to decide this preliminary objection.

Finally, defendant filed a motion to dismiss plaintiff's complaint pursuant to Pennsylvania Rule of Civil Procedure 233.1. By the authority of this rule, defendant seeks an order barring plaintiff from pursing additional pro se litigation against defendant or related entities raising the same or related claims without leave of court. Defendant cites what it views to be plaintiff's "numerous, unsubstantiated and vexatious filings." Pa.R.C.P. 233.1 provides that a pro se litigant's complaint is subject to dismissal if the claims in the instant complaint are the same or related to a prior action, the instant claims are brought against the same or related defendant, and these claims are resolved by settlement or court proceeding.

The purpose of this rule is to give the trial court discretion to bar the pro se litigant from filing further litigation against the same or related defendants raising

the same or related claims without leave of court. The purpose of the rule is to provide relief to a defendant who has been subjected to repetitive litigation that constitutes an abuse of the legal system.

At this juncture, the court will decline to exercise its discretion to invoke Pa.R.C.P. 233.1 as the court has dismissed plaintiff's complaint without leave to file any amended complaint and in the case at no. 11365 of 2007, C.A., has denied the petition to open judgment that the plaintiff in this action filed in her capacity as the defendant in the foreclosure action. Since the court cannot conceive of any further action relative to the issues raised by plaintiff, the court will reserve the authority to apply Pa.R.C.P. 233.1 in the event that plaintiff should file any further claim meeting the requirements of Pa.R.C.P. 233.1(a)(1)(2).

## ORDER OF COURT

And now, this 20th day of November, 2013, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that the defendant's preliminary objection in the nature of a demurrer pursuant to Pa.R.C.P. 1028(a)(4) is granted and the complaint of the plaintiff is dismissed in its entirety, with prejudice.

It is further ordered and decreed that the defendant's preliminary objection to the plaintiff's complaint in the nature of non-joinder of a necessary party pursuant to Rule 1028(a)(5) is denied as moot.

It is further ordered and decreed that the defendant's praecipe and motion to dismiss under the authority of Pa.R.C.P. 233.1 is denied.