Allegheny County *v.* Moon Township, Appellant.

Argued October 2, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John A. Metz, Jr.,* with him *Erik F. Lawson, Jr.,* for appellant.

*Francis A. Barry,* Deputy County Solicitor, with him *Maurice Louik,* County Solicitor, for Allegheny County, appellee.

*Leonard Boreman,* with him *Baskin, Boreman, Sachs, Gondelman & Craig,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 11, 1969:

For a number of years, Moon Township has sought to tax various portions of the Greater Pittsburgh Airport. It has not always been successful. In December of 1966, the township passed an ordinance providing for a ten percent tax on the gross receipts of each commercial parking lot in the township. One of these lots is located at the airport; it is owned by Allegheny County and run by a concessionaire.*

In April of 1967 the county sought to restrain the township from enforcing the ordinance against the county or the concessionaire. The chancellor held that the lot could not be taxed and issued a permanent injunction. We affirm.

In *Moon Township Appeal,* 387 Pa. 144, 127 A. 2d 361 (1956), we upheld a trial court's finding that the parking lot in question here was "public property used for public purposes," and therefore tax-exempt. See Act of May 22, 1933, P. L. 853, art. II, §204, as amended, 72 P.S. §5020-204(g). We there stated that "[u]ndoubtedly the portions of the Airport employed in its actual operation . . . represent a public use which properly exempts them from taxation. . . . There is likewise no question but that property the use of which

_____

* The concessionaire pays the county either 88.5 percent of the gross receipts, or $43,750, whichever is larger. All local, state and federal taxes are deductible from gross receipts. The county maintains various controls over the concessionaire, such as setting rates.

is *reasonably necessary* for the efficient operation of the Airport even though not indispensible or essential thereto, is also entitled to exemption." 387 Pa. at 148, 127 A. 2d at 364 (emphasis in original). Under that standard, we held that the parking lot is "reasonably necessary" and therefore tax-exempt.

All parties agree that the parking lot in question is "public property used for public purposes." The township now attempts to distinguish *Moon Township Appeal,* supra, from the instant case, by arguing that the former dealt with property taxes and the instant case deals with an "excise tax." See *Philadelphia v. Samuels,* 338 Pa. 321, 12 A. 2d 79 (1940) (holding parking lot tax an excise tax). Unfortunately for the township, the tax-exempt status of this parking lot does not depend on the label attached to the tax.

Article IX, §1, of the Constitution of 1874, now Article VIII, §2, provides: "The General Assembly may by law exempt from taxation: . . . (iii) That portion of public property which is actually and regularly used for public purposes . . . ." The Act of 1933, supra, provides: "The following property shall be exempt from all . . . township . . . tax, to wit: . . . (g) All other public property used for public purposes . . . ." Neither the constitution, nor the statute, say the exemption will be only for property taxes; the statute, in fact, expressly says "all tax." The word "property" is used merely to describe the locus of what the Legislature was exempting, not the type of tax it was exempting it from. There is no reason to assume that the Legislature did not fully exercise its constitutional power to exempt this property, not only from property taxes, but also from taxes on activities conducted on the property. We must therefore hold that the tax imposed here by the township on "public property used for public purposes" is invalid.

The decree of the Court of Common Pleas of Allegheny County is affirmed.

Mr. Justice POMEROY concurs in the result.