City of Pittsburgh, Appellant, *v.* Public Parking Authority of Pittsburgh, Associated Dry Goods Corporation, a Virginia Corporation, Successors to Joseph Horne Co., a Pennsylvania Corporation, Gimbel Brothers, Inc., a New York Corporation, The May Department Stores Company, a New York Corporation, and Parking Service Corporation, a Pennsylvania Corporation, Appellee.

Argued November 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ralph Lynch, Jr.,* City Solicitor, with him *Grace S. Harris,* Special Assistant City Solicitor, for appellant.

*Leonard Boreman,* with him *Robert G. Sable* and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellees.

*Paul H. Titus,* with him *Bernard D. Marcus* and *Kaufman & Harris,* for amicus curiae Mellon Square Garage, Inc.

OPINION BY JUDGE ROGERS, January 14, 1974:

This is yet another case arising from the City of Pittsburgh's purpose to tax commercial parking transactions and is concerned with Ordinance No. 704 of 1969 of the City of Pittsburgh which, as it affected owners of commercial lots, was struck down by the Supreme Court in *Alco Parking Corporation v. Pittsburgh,* 453 Pa. 245, 307 A. 2d 851 (1973). The principal plaintiffs

in this suit are five business corporations[1] which lease, as lessees, and operate parking lots owned by the Public Parking Authority of Pittsburgh, an Authority created under the Parking Authority Law, Act of June 5, 1947, P. L. 458, 53 P.S. §341 et seq. They seek, as did the successful parking lot operators in *Alco Parking v. Pittsburgh, supra,* an order restraining collection of the tax from them and a refund of taxes collected.[2] The court below granted the plaintiff's motion for summary judgment, restrained the enforcement of the ordinance against the business corporation plaintiffs and directed the city to refund taxes paid by them for the years 1970 and 1971.

The issue raised by the plaintiffs and decided in their favor below is whether they are exempted by statute from the payment of this tax. Ordinance 704 was adopted by authority of The Local Tax Enabling Act.[3] It imposes a tax on all transactions of each operator with respect to each nonresidential parking place, at the rate of 20 per cent of the gross receipts from all transactions. The definition of operator is expressly

---

[1] The corporations joined the Public Parking Authority of Pittsburgh as a plaintiff without its consent and over its objection. The court below discharged the city's rule to show cause why the Authority should not be stricken. We have concluded that the lower court correctly decided that provisions in the leases between the Authority and the other plaintiffs authorized their joinder of the Authority as a fellow plaintiff. The court's decree recognized the Authority's objection and afforded no relief against the tax to the Authority.

[2] The plaintiffs seek refunds of taxes paid during 1970 and 1971 in an amount in excess of $1,250,000.

[3] Act of December 31, 1965, P. L. 1257, 53 P.S. §6901. Ordinance 704 was preceded by Ordinance 434 of 1962, the legality of which was, in the main, unsuccessfully challenged in *McGillick v. City of Pittsburgh,* 415 Pa. 581, 203 A. 2d 480 (1964) and Ordinance 674 of 1968, the subject of *University Club v. Pittsburgh,* 440 Pa. 562, 271 A. 2d 221 (1970).

inclusive of "operators on premises of Public Parking Authority of the City of Pittsburgh."

The appellees contend that they are twice statutorily exempt from this tax; first, by Section 204(g) of The General County Assessment Law, Act of May 22, 1933, P. L. 853, 72 P.S. §5020-204(g) which exempts from "All . . . city . . . tax . . . [a]ll other public property used for public purposes" and second, by Section 15 of the Parking Authority Law, Act of June 5, 1947, P. L. 458, 53 P.S. §355, under which the Public Parking Authority of Pittsburgh was created, declaring that "such Authorities shall not be required to pay any taxes or assessments upon any property acquired or used by them for such purposes."

Public parking facilities operated by Authorities created under the Parking Authority Law of 1947 are public properties devoted to public use and entitled to exemption from real estate taxation. *McSorley v. Fitzgerald*, 359 Pa. 264, 59 A. 2d 142 (1948). The exemption from such taxes exists although the Authority chooses to lease its parking facilities to private parties deriving profit therefrom. *Pittsburgh Public Parking Authority v. Board of Property Assessment*, 377 Pa. 274, 105 A. 2d 165 (1954); *Price v. Philadelphia Parking Authority*, 422 Pa. 317, 221 A. 2d 138 (1966).

The city contends that the cases just cited are not controlling authority here because the instant levy is not a property tax but an excise tax upon the parking transaction. The distinction made, although difficult of clear perception, is one which the courts have found useful, usually in sustaining taxability. Hence, in *Philadelphia v. Samuels*, 338 Pa. 321, 12 A. 2d 79 (1940) a tax on parking transactions was upheld because it could be called an excise tax and thus not preempted by the state income tax, which had earlier been called a property tax. This distinction was, however, expressly held to be of no consequence in the deter-

mination of whether the parking transactions of a concessionaire of a county-owned airport were exempted from taxation by Section 204(g) of The General County Assessment Law in *County of Allegheny v. Township of Moon,* 436 Pa. 54, 258 A. 2d 630 (1969). Answering the argument that The General County Assessment Law's exemption from "all tax" of "public property used for public purposes" extended relief only from property taxes, Justice Roberts wrote:

". . . Unfortunately for the township, the tax exempt status of this parking lot does not depend on the label attached to the tax.

"Article IX, §1, of the Constitution of 1874, now Article VIII, §2, provides: 'The General Assembly may by law exempt from taxation: . . . (iii) That portion of public property which is actually and regularly used for public purposes . . . .' The Act of 1933, supra, provides: 'The following property shall be exempt from all . . . township . . . tax, to wit: . . . (g) All other public property used for public purposes . . . .' Neither the constitution, nor the statute, say the exemption will be only for property taxes; the statute, in fact, expressly says 'all tax.' The word 'property' is used merely to describe the locus of what the Legislature was exempting, not the type of tax it was exempting it from. There is no reason to assume that the Legislature did not fully exercise its constitutional power to exempt this property, not only from property taxes, but also from taxes on activities conducted on the property. We must therefore hold that the tax imposed here by the township on 'public property used for public purposes' is invalid." This case is controlled by that holding. Not only do we disagree with the city's argument that the presence in the Parking Authority Law of a specific exemption for "taxes or assessments upon any property acquired or used"[4] by Authorities created under that Act

---

[4] Act of June 5, 1947, P. L. 458, §15, 53 P.S. §355.

renders The General County Assessment Law inapplicable, we are unable to find any real difference in meaning between the exempting provisions of the two enactments. In summary, the cases hold that public parking places created by public parking authorities, whether self-operated or leased for operation by others, are exempt from all taxes, whether levied upon them as real estate and called property taxes, or imposed upon the transactions by which they are used and called excise taxes.

The city relies principally upon *McGillick v. Pittsburgh,* 415 Pa. 581, 203 A. 2d 480 (1964), affirming per curiam an order of the Court of Common Pleas of Allegheny County, upholding the validity of Ordinance 434 of 1962, except insofar as that ordinance excluded from the definition of the word operator the Public Parking Authority of Pittsburgh. The plaintiffs in that case, owners or operators of commercial lots, contended that the ordinance violated the standard of uniformity compelled by Article 9, Section 1[5] of the Pennsylvania Constitution by excluding operators of hotel, tourist court, and trailer park parking lots, and the city and its Parking Authority. After expressing its opinion that the uniformity clause was offended by the "flat exemption" of the Authority, the county court observed: "It should be noted that the Parking Authority Law provides that 'any property' acquired or used by the Authority for its purposes is exempt from any taxes. We are of the opinion that this does not exempt taxes upon parking transactions which under this ordinance are in the nature of excise taxes as contrasted to property taxes." The city contends that the affirmance per curiam of the order which accompanied this opinion constituted a holding by the Supreme Court that Section 15 of the Public Parking Authority Law pro-

---

[5] Now Article 8, Section 1.

vides no exemption from a tax on parking transactions. There are several reasons for disagreeing: first, the sentences relied on were dicta in the lower court's opinion; second, the affirmance by the Supreme Court of the Allegheny County Court's *order* cannot be taken as approval by the former of every statement of law propounded by the latter in support of the order; and, finally, *McGillick* preceded by five years *Allegheny v. Moon*, which latter case is on point and in direct contradiction of the principle for which the former is cited.

Order affirmed.