Alan PEEKE

v.

PENN CENTRAL TRANSPORTATION COMPANY, INC., et al.

v.

CELOTEX CORPORATION, Third-Party Defendant.

Civ. A. No. 72–1070.

United States District Court,
E. D. Pennsylvania.

Oct. 16, 1975.

---

8. *See* 70 Col.L.Rev. 909 (1970).

Carl M. Mazzocone, Philadelphia, Pa., for plaintiff.

David E. Faust, Philadelphia, Pa., for defendants Penn Central and Philadelphia, Balt. & Wash. R. R.

Guy T. Moore, Philadelphia, Pa., for defendant Balt. & Ohio R. R.

Arthur E. Newbold, III, Philadelphia, Pa., for defendant Norfolk & Western Ry.

Dudley Hughes, Philadelphia, Pa., for defendant Whiting.

David F. Kaliner, Philadelphia, Pa., for Third Party Defendant Celotex.

MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

The motion of Whiting Corporation for summary judgment requires us to consider the application of Pennsylvania's statutes of limitations in products liability cases. The amended complaint alleges breach of warranty in the sale of a railroad "trackmobile," a machine employed to draw boxcars along industrial sidings.[1] Defendant Whiting Corporation sold the trackmobile in question to the Allied Chemical & Dye Corporation, Barrett Division, predecessor in interest of the third party defendant Celotex Corporation, the plaintiff's employer, on March 30, 1960. More than ten years later, on August 11, 1970, the plaintiff sustained injuries when a boxcar being pulled by the Celotex-operated trackmobile collided with a trash "dumpster" on a Celotex siding, driving it into the plaintiff and pinning him against a girder.

The plaintiff originally filed suit against several railroad companies on June 2, 1972, some twenty-two months after sustaining the injury, alleging negligence in the placement of boxcars on the siding. He added Whiting as a defendant on May 3, 1974, nearly four years after the accident, asserting breach of warranty in the sale of the trackmobile, in that a person using it could not see obstructions such as the "dumpster" before hitting them.[2] The

1. The case arises under our diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

2. For the purposes of this motion we assume that Peeke might also recover on his com-

plaint as pleaded by proving the elements of strict liability in tort. Restatement (2d) of Torts § 402A; see *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966); *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. ——, 337

railroad company defendants were subsequently dismissed from the case on summary judgment, because discovery failed to disclose any evidence of negligence.[3]

Subject to a narrow exception not applicable here, Fed.R.Civ.P. 15(c) bars addition of a defendant after the limitations period has run.[4] *Accord, Miller v. Jacobs*, 361 Pa. 492, 65 A.2d 362, 365 (1949). The foregoing facts are not in dispute. Thus, Whiting is entitled to summary judgment unless the plaintiff has the benefit of a four year limitations period accruing at the date of the injury.

■ In general, Pennsylvania law imposes a two year statute accruing at the time of injury on actions for personal injury, whether sounding in assumpsit or in trespass (whether negligence or strict liability).[5] Personal injury actions arising from breach of warranty in the sale of goods, however, must be filed within four years of the date not of injury but of sale. Uniform Commercial Code § 2–725.[6] This proposition was settled in *Rufo v. Bastian-Blessing Co.*, 417 Pa. 107, 207 A.2d 823 (1965). In that case, a consumer had purchased bottled gas for a torch used in his work from a retailer in March 1956. Gas escaping from a valve on the bottle caused an explosion and injuries in December 1957. A complaint against the manufacturer alleging breach of warranty was filed in July 1960. The court held plaintiff's claim barred because the accrual date of § 2–725's four year limit was the date of the breach; that is, of tender of delivery; and certainly no later than the date of resale by the retailer. 207 A.2d at 826. *Accord, Hoeflich v. William S. Merrell Co.*, 288 F.Supp. 659 (E.D.Pa.1968).

Under either the two or the four year statute, the time ensuing since the applicable accrual date would bar the present plaintiff's claim against Whiting. The plaintiff seeks to escape this fatal result by pointing to the recent decision in *Salvador v. Atlantic Steel Boiler Co. (Appeal of I. H. English, Inc.)*, 457 Pa. 54, 319 A.2d 903 (1974), *aff'g* 224 Pa.Super. 377, 307 A.2d 398 (1973). That case enlarged the rights of those injured by allegedly defective products and claiming breach of warranty, by abolishing the former requirement of "horizontal privity" which had barred the in-

---

A.2d 893 (1975); *Southwire Co. v. Beloit Eastern Corp.*, 370 F.Supp. 842 (E.D.Pa. 1974). As will appear, our decision would not differ if the plaintiff had to elect one theory or the other.

3. More specifically, plaintiff could not show that the defendant railroads had any connection with his accident, which involved a Norfolk & Western boxcar transported to the Celotex siding by the Baltimore & Ohio over its tracks, because the trackmobile was operated by Celotex personnel, and the accident occurred at a point on the sidetrack totally within Celotex's control.

4. The exception essentially protects good faith errors in naming a defendant, where the defendant in question received actual notice of the claim within the limitations period.

5. In pertinent part, 12 Pa.Stat. § 34 (1967) states:

Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case[s] where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards . . . .

6. In relevant part, 12A Pa.Stat. § 2–725 (1970) provides:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

\* \* \* \* \*

jured user of a product who was not also a direct purchaser from suing the manufacturer or vendor.[7] Salvador suffered injuries when a steam boiler exploded at his place of work in May 1967. He filed his breach of warranty action in March 1971, almost four years later. 319 A.2d at 904. In affirming the order of the Superior Court which reversed the lower court's dismissal and remanded the case for trial, the Supreme Court did not discuss the point that the defendant had a complete statute of limitations defense under *Rufo* and the undisputed facts of the case. *See* Murray, *Products Liability—Another Word*, 35 U.Pitt.L.Rev. 255, 260–74 (1973). Professor Murray points out:

> The *Rufo* case is not mentioned in the *Salvador* [Superior Court] opinion nor in the briefs filed in that case . . . . There was no mention of the date of delivery and installation of the boiler in the [Superior Court] opinion or in the briefs filed in that case, although the date of delivery and installation was critical. . . . However, [a telephone conversation with the defendant's attorney] has revealed that the boiler was installed up to seven years prior to the time of the explosion and injury. If this information is correct, the plaintiff's cause of action under the Code would have been clearly barred by the statute of limitations.

35 U.Pitt.L.Rev. at 261 (footnotes omitted). Not having this critical information, the Superior Court said:

> The fact that the statute of limitations has run on his tort action [is] immaterial. A personal injury claim based upon a breach of warranty is distinct from a personal injury claim based on negligence and can be commenced within four years after the cause of action has occurred; Uniform Commercial Code of 1953, P.L. 3, § 2–725, as amended; *Gardiner v. Philadelphia Gas Works*, 413 Pa. 415, 197 A.2d 612 (1964).[8]

*Gardiner* had held that U.C.C. § 2–725 applied to breach of warranty actions even when the resulting injury was personal and bodily. It had not discussed the accrual date of such actions, nor had it even mentioned the relevant portion of § 2–725(2). This question was addressed and answered, as we indicated above, in *Rufo*, decided by the Pennsylvania Supreme Court a year later. See *Rufo, supra*, 207 A.2d at 826 n. 3 (clarifying and explaining *Gardiner*).

The plaintiff would have us hold that in affirming *Salvador* the Supreme Court impliedly overruled *Rufo* and created the possibility of a four year breach of warranty limitation period accruing at the date of injury in products liability cases. In support of his argument, the plaintiff would also have us look to the case law of other states.[9]

---

7. Salvador, an employee of the purchaser of the product, was not within any of U.C.C. § 2–218's standard exceptions to the former horizontal privity rule. Although tort law does not impose privity restrictions as such, *Salvador* is important notwithstanding Pennsylvania's adoption of Restatement § 402A because of the possibility of a suit filed more than two years after the injury but still within four years of the sale.

8. 307 A.2d at 403. The plaintiff here seeks to construct an argument from the Superior Court's use of the term "occurred" rather than "accrued," but we believe that this choice of terms, if intentional, was not meant to imply a substantive difference, and in any case is more likely just a proofreading error.

 *Professor Murray contends that U.C.C. Article Two was not intended to govern prod-*

ucts liability actions on any theory, and that § 2–725 simply does not apply. He would require all such actions to recover for personal injuries to be brought within two years of the date of injury, whether the pleadings are denominated assumpsit (breach of warranty) or trespass (strict liability or negligence).

9. Alternatively, the plaintiff seeks to come within the exception to U.C.C. § 2–725, delaying the accrual date for the statute of limitations in breach of warranty actions in certain cases. The simple answer to this contention is that there is nothing on the summary judgment record before us to bring the exception into play: there is no claim that there was an explicit warranty relating

We conclude that neither *Salvador* nor any other case assists the plaintiff, and we therefore grant Whiting's motion for summary judgment.

 Statutes of limitations, as their name suggests, are legislative, not judicial creations. While the Supreme Court of Pennsylvania and indeed to some extent this Court have the power to construe such statutes, neither they nor we can overrule them. Nor should a court "construe" a statute against the plain meaning of the words. *See* 46 Pa. Stat. § 551 (1969); *United States v. Hartwell*, 73 U.S. (6 Wall.) 385, 396, 18 L.Ed. 830 (1868). Moreover, the purpose of a court to overrule prior authority is not lightly to be presumed, especially an overruling *sub silentio*. *City of Pittsburgh v. Public Parking Authority*, 11 Pa.Cmwlth. 442, 314 A.2d 887, 890 (1974), *cert. denied*, 421 U.S. 912, 95 S.Ct. 1566, 43 L.Ed.2d 777 (1975); *cf. Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815 (1932). Accordingly, we will not conclude that *Salvador* created a new, hybrid, four year limitation period accruing at the time of injury, or that *Salvador* overruled *Rufo,* if there is any other reasonable interpretation or explanation of that case.

 We conclude that there is. The statute of limitations defense was apparently neither briefed nor argued in the Supreme Court in *Salvador.* Indeed, the defendant seems never to have raised the defense at all, and the date of sale of the allegedly defective boiler was not even in the record. *See* Murray, *supra*, 35 U.Pitt.L.Rev. at 261 & n. 25. The Supreme Court was aware of Professor Murray's article and hence of the crucial facts. *See* 319 A.2d at 906 n. 9. But under these circumstances, the Court must simply have deemed the point waived. *See* 42 Pa.Cons.Stat., R.Civ.P. 1030 & 1032 (1975); *Schmucker v. Naugle,* 426 Pa. 203, 231 A.2d 121, 123 (1967); *Anderson v. Bernhard Realty Sales Co.,* 230 Pa.Super. 21, 329 A.2d 852, 854 n. 2 (1974), *alloc. granted* (Jan. 2, 1975); *cf. United States v. Oregon Lumber Co.,* 260 U.S. 290, 299–300, 43 S.Ct. 100, 67 L.Ed. 261 (1922).

We have surveyed the case law from other jurisdictions, but it does not lend support to the plaintiff's position. Most of the cases distinguish breach of warranty of sale actions from strict liability actions and then apply the ordinary, non-U.C.C. statute to the latter class of claims. *See, e. g., Romano v. Westinghouse Electric Co.,* 336 A.2d 555, 558–61 (R.I.1975); *Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 305 A.2d 412, 418–27 (1973); and cases cited in *Heavner,* 305 A.2d at 419. Others would require at least some products liability actions to be brought within four years of the date of sale of the product. *See, e. g., Anderson v. Fairchild Hiller Corp.,* 358 F. Supp. 976 (D.Alaska 1973) (also requires privity).[10] All these cases agree with *Rufo* that whenever the U.C.C. § 2–725 period applies, it accrues at the time of tender of delivery of the product; conversely, strict liability (like other tort actions) triggers a statutory period accruing at the date of injury. But as we have noted, neither theory would stave off Whiting's motion in this case. Plaintiff's position is simply incorrect and untenable.

We therefore enter the following order granting summary judgment for added defendant Whiting Corporation. All the other defendants having previously been granted summary judgment on other grounds, the case will be dismissed.[11]

---

to future performance, of which breaches could only be discovered at some date later than tender of delivery. *See* 12A Pa.Stat. § 2–725(2), *quoted in* note 6, *supra.*

10. We note that the former leading case for this view, *Mendel v. Pittsburgh Plate Glass Co.,* 25 N.Y.2d 340, 305 N.Y.S.2d 490, 253 N.E.2d 207 (1969), has been overruled; *Victorson v. Bock Laundry Machine Co.,* 37 N. Y.2d 395, 373 N.Y.S.2d 39, 335 N.E.2d 275 (1975).

11. The liability, if any, of the third party defendant, Celotex, was of course dependent on that of the primary defendants. With the dismissal of all the defendants, then, the third party action is also dismissed.