**Fred C. CRAW and Selma Craw, his wife**

v.

**ZIMMER–RODEWALT, INC. and Zimmer USA, Inc.**

**Civ. A. No. 76–3737.**

United States District Court,
E. D. Pennsylvania.

Feb. 27, 1978.

Louis Mitchell Paul, Philadelphia, Pa., for plaintiffs.

E. Parry Warner, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the motions of defendants Zimmer-Rodewalt, Inc., and Zimmer USA, Inc., for summary judgment pursuant to Fed.R.Civ.P. 56 on the ground that the instant action is barred by the applicable statute of limitations. For the reasons stated below, defendants' motions will be granted.

On August 31, 1970, plaintiff Fred C. Craw ("Craw") suffered a severe leg frac-

ture in an automobile accident (Dep., p. 7).[1] To aid in the treatment of this fracture, an orthopedic device comprised of a plate and three screws, commonly referred to as a Jewett nail, was inserted into Craw's leg in early September, 1970 (Dep., pp. 10–12). This orthopedic device was manufactured and sold by the defendants. In May, 1971, Craw felt a new and severe pain in his leg (Dep., pp. 27–30). X-rays taken in August, 1971, revealed that the screws which held the plate to the bone had sheared (Dep., pp. 30–32). Craw was repeatedly warned by his doctor, from at least August, 1971, through May, 1974, that the Jewett nail should be removed from his leg (Dep., pp. 38–39, 42–43, 47, 49–50, 84–85). Craw refused to have the Jewett nail removed, and has not consulted with a doctor about his condition since May, 1974.

Craw filed his complaint in the Philadelphia Court of Common Pleas on August 13, 1976, and the case was later removed to this Court. The complaint seeks damages from the defendants for the exacerbation of his condition alleged to be due to the shearing of the screws from the plate.

It is clear from the above that Craw knew of the shearing of the screws no later than August, 1971, and that he was aware of the full extent of his alleged injury no later than May, 1974. If we construe this complaint as an action for personal injury, whether based on negligence or strict liability, the Pennsylvania law imposing a two-year statute accruing at the time of injury would apply. 12 P.S. § 34; *Restatement of Torts, Second* § 402A. If we construe this as an action for breach of warranty in the sale of goods, the Pennsylvania law imposing a four-year statute accruing at the time of sale would apply. 12A P.S. § 2–725. Irrespective of which characterization is applied to this action, it is clear that it is barred by the applicable statute of limitations. *Peeke v. Penn Central Trans Co., Inc.*, 403 F.Supp. 70, 72 (E.D.Pa.1975), 538

F.2d 318, 320 (3d Cir. 1976); *Huber v. McElwee-Courbis Const. Co.*, 392 F.Supp. 1379 (E.D.Pa.1974). Defendants' motion for summary judgment will, therefore, be granted.

An appropriate Order will be entered.

---

1. Craw filed suit in the Philadelphia Court of Common Pleas in 1971 against the driver of the car which struck him. That case was tried to a judge and jury in June, 1976, and resulted in a jury verdict in Craw's favor in the amount of $125,000 (Dep., pp. 62, 71). When, after the trial, the defendant filed a motion for new trial, Craw agreed to settle the suit for $95,000 (Dep., pp. 71–72).