## Kuzupas v. Kammerer

■■■■

*Richard J. Russell*, for plaintiffs.

*Herbert Bennett Conner* and *David M. Neuhart*, of *Dickie, McCamey & Chilcote*, for defendant Ford Motor Company.

SHAULIS, *J.*, June 7, 1978—This case is before the court on a motion for summary judgment by defendant Ford Motor Company. The summary judgment motion raises two issues involving the statute of limitations. The first issue concerns whether this action is barred because of plaintiffs' alleged failure to make timely service of the writ of summons within the statutory period. The second issue raises the question of whether a cause of action for breach of warranty involving personal injury accrues from the date of injury or from the date of sale of the warranted goods.

• • •

## 2. THE PROPER STATUTE OF LIMITATIONS:

It is clear that the trespass actions are controlled by the two-year statute of limitations which runs

from the date of the injury. See Act of June 24, 1895, P.L. 236, 12 P.S. §34. We have held above that this action was properly commenced on June 11, 1976, which is within two years of the date of injury on June 19, 1974. Thus, the trepass counts have vitality and no further discussion of the trespass statute of limitations is necessary.

The issue to be decided here is how the four-year statute of limitations of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended (see12A P.S. §2-725) is to be applied to the assumpsit action based upon breach of warranties. More specifically, the question is whether the four year period runs from the "date of sale" of the Ford LTD when the warranties were made or from the "date of the accident" when the injuries were sustained.

If we should hold the four years runs from the date of injury as urged by plaintiffs, our holding in the first part of this opinion would also validate the assumpsit count as the action was commenced on June 11, 1976, which is within four years from the date of injury on June 19, 1974.

If we should hold the four years runs from the date of sale as urged by defendant, we face the further problem of determining the date of sale. Assuming for the moment that the four years does run from the date of sale, Ford would be entitled to summary judgment on the assumpsit count if the Ford LTD had been purchased more than four years before the injury. That is, the assumpsit count would survive the summary judgment motion only if the Ford LTD was sold after June 19, 1970.

We now turn our attention to determining which of these two alternatives is proper. Defendant argues that the law is clear that the action for breach of warranty must be brought within four years from

the making of the warranty, that is, within four years of the date of sale. Plaintiffs argue that calculation of the statute from the date of sale means that an injured plaintiff could never recover because the statute runs even before the cause of action could possibly exist. In other words, plaintiffs assert that the warranty made to the buyer-operator here would expire long before plaintiff-passenger was even injured, leaving plaintiff with no remedy.

Plaintiffs rely upon Justice Stern's comments in Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 38-39, 68 A. 2d 517 (1949), to the effect that it is illogical to treat a cause of action as having expired before a plaintiff sustains an injury. However, we find Foley to be inapplicable because it was both a pre-Restatement, 2d, Torts, §402 A and pre-U.C.C. case; Foley was a wrongful death action based on allegedly negligent design of equipment where the court held the statute of limitations period ran from the date of injury to the plaintiff, not the date of delivery of the equipment to the buyer.

We have found no case which calculates the four-year U.C.C. statute from the date of injury. We have found a recent Allegheny County opinion by Judge Finkelhor covering a fact situation similar to that we now face. In Vescio v. Chrysler Corp., 125 Pitts. L.J. 353 (1977), plaintiff's decedent was a passenger in a 1972 Dodge, purchased in August 1971. As a result of a traffic accident in November 1971 in which the Dodge's gasoline tank allegedly exploded, the passenger was killed. A writ of summons in assumpsit, the suit based on breach of warranties, was filed in October 1975—more than four years after the sale *and* more than two years after the injury.

After thorough discussion of various cases and

arguments of counsel, Judge Finkelhor held that the four year period *is not* calculated from the date of injury, but from the date of sale, and granted summary judgment for defendant Chrysler. The opinion stated that Pennsylvania law creates two options for plaintiff so injured—there may be a suit in trespass within two years of the injury or a suit in assumpsit within four years of the sale to the buyer (or both in the proper case). See 125 Pitts. L.J. at 356. See also: Peeke v. Penn Central Trans., 403 F. Supp. 70 (E.D. Pa. 1975); Kotar v. Allen Industries, 58 Wash. Co. 93 (1978).

We agree with the reasoning of Judge Finkelhor in Vescio and hold that personal injury actions based on a breach of warranty in the sale of goods must be filed within four years of the date of sale. Stated differently, Pennsylvania law imposes a two-year statute, calculated from the date of injury, on actions for personal injury whether the action sounds in trespass or assumpsit.

Applying this conclusion to the present case, it would seem that the assumpsit count against Ford may have to be dismissed. At the original hearing on this motion, counsel for Ford urged us to assume that a 1968 model car had to have been sold "no later than 1969," which would have meant the assumpsit action was not filed within four years of the sale. This assumption we were unwilling to make, and we permitted defendant Ford to file a supplemental brief and affidavit to establish the date of sale.

Now, having received this additional material, we still cannot determine the date of sale and we must deny summary judgment. Ford's affidavit merely states that the vehicle in question was "fully and finally released from Ford Motor Company on

July 5, 1968." We will refrain from speculating on the meaning of this statement. It could merely mean the LTD was shipped from the factory at that time; it could mean the car was sold to or consigned to the dealer; it could mean the car was made the subject of some type of finance arrangement with a third party. What this statement does *not* say is when the LTD *was sold* to the consumer, the transaction wherein the warranties would be created.

We have noted that nowhere in the interrogatories to the defendants Kammerer by Ford have they been asked *when they purchased* this car. We must conclude that the date of sale of this vehicle still presents a question of material fact which prevents summary judgment on the state of this record. If proper proof is presented to the court during subsequent proceedings, we will reconsider our present ruling.

## CONCLUSION

We conclude that defendant Ford is not entitled to a judgment as a matter of law on its argument that this action was not commenced within the time allowed by the statute of limitations. We hold that plaintiffs did timely commence the action by filing the praecipe for writ of summons and that plaintiffs did nothing to prevent service of the writ. We deny the motion for summary judgment on this ground.

We conclude that defendant Ford may be entitled to a judgment as a matter of law on its argument that the assumpsit action was not commenced within four years of the sale. There is a genuine issue of fact as to the date of sale, and we deny the motion for summary judgment on this ground.

We note, finally, that our holding in the first part of this opinion would permit plaintiffs to pursue the trespass counts whether or not Ford is ultimately successful in proving that the assumpsit count should be dismissed as discussed in the second part of this opinion.

### ORDER

Now, June 7, 1978, the motion for summary judgment of defendant Ford Motor Company is denied.