## Moon Township and William P. Walsh, Treasurer of Moon Township, Appellants *v.* Grant-Oliver Corporation, Appellee.

Argued May 4, 1982, before President Judge CRUMLISH and Judges ROGERS, BLATT, CRAIG and MAC-PHAIL.

*James R. Duffy*, with him *Ira F. Bradford*, for appellants.

*Jeffrey S. Blum*, with him *John S. Bingler, Jr.*, *Thorp, Reed & Armstrong*, for appellee.

OPINION BY JUDGE MACPHAIL, July 8, 1982:

Moon Township (Township or Appellant)[1] has brought this appeal from an order of the Court of Common Pleas of Allegheny County dismissing Appellant's complaint in assumpsit seeking to recover taxes allegedly due from Grant-Oliver Corporation (Appellee). We affirm.

This case is best understood in its historical context. In December of 1966, the Township enacted[2] a parking tax ordinance (Ordinance 158), which imposed a tax of 10% of gross receipts from all parking transactions of operators of commercial parking places in the Township. One of the commercial parking lots in the Township is located at the Greater-Pittsburgh International Airport. The airport and this parking lot are owned by Allegheny County. The lot is managed by Appellee as a concessionnaire.

---

[1] William P. Walsh, the Treasurer of Moon Township, is also named as an Appellant to this action.

[2] Pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§6901-6924.

In April of 1967, Allegheny County commenced an equity action seeking to restrain the Township from enforcing the ordinance against the county or the Appellee. The chancellor held the lot was non-taxable and issued a permanent injunction. The Supreme Court of Pennsylvania affirmed the injunction, *County of Allegheny v. Township of Moon*, 436 Pa. 54, 258 A.2d 630 (1969), determining that the lot was exempt from all Township tax under Section 204(g) of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-204(g) (current version at Section 204(a)(7), 72 P.S. §5020-204(a)(7)), the "public property used for public purposes" exemption.[3]

In 1977, the Pennsylvania Legislature amended Section 204. As a result of this action, the following language was added to the "public property used for public purposes" exemption:

> nor shall this act or any other act be construed to exempt from taxation any privilege, act or transaction conducted upon public property by persons or entities which would be taxable if conducted upon non-public property regardless of the purpose or purposes for which such activity occurs, even if conducted as agent for or lessee of any public authority.

72 P.S. §5020-204(a)(7).

In 1980, nearly three years after the 1977 amendment, the Appellant filed the present complaint in assumpsit seeking to collect taxes for the years 1977 through 1980 it claims are owed by Appellee under Ordinance 158. Appellant asserted in its complaint that the effect of the 1977 amendment was to remove

---

[3] The determination that the parking lot in question was "public property used for public purposes" had been made in a previous Supreme Court decision. *Moon Township Appeal*, 387 Pa. 144, 127 A.2d 361 (1956).

the "public property used for public purposes" exemption for the airport lot.

Appellee raised a number of preliminary objections to the complaint. After argument and the submission of briefs, the trial court sustained the preliminary objections in the nature of a demurrer, determining that for at least the following four reasons, no cause of action existed: 1) the prior injunction had not been dissolved; 2) whatever the effect of the 1977 amendment, it could not resurrect the 1966 ordinance; 3) the Township could not claim taxes since 1977 without some type of notice to Appellee; and 4) the Township failed to allege that such a tax would not be a burden on interstate commerce. Since we believe that the demurrer must be sustained because the prior injunction was not dissolvd, we need not discuss the other reasons found by the trial court to be sufficient to sustain the demurrer.[4]

Appellant concedes that the permanent injunction issued in 1967 has never been dissolved. Appellant argues, however, that once the factual or legal underpinnings of a permanent injunction have been removed, then the decree loses its efficacy and can no longer be enforced. Thus, Appellant contends, it was not required to apply to equity for a modification order. Appellant also argues that if dissolution of the injunction is required, then this case afforded the trial court the opportunity to take that action.

Even if the law no longer supports the existence of the 1967 injunction (an issue which we do not de-

---

[4] We would note, however, that our Supreme Court has recently determined, in a case involving Appellee and this same parking lot, that a similar parking tax would not be a burden on the interstate commerce. *Airway Arms, Inc., d/b/a Airport Mobil Service v. Moon Area School District*, Pa. , A.2d (No. 81-1-66, filed May 28, 1982). That case neither raised nor answered the question of whether the airport parking lot is exempt under Section 204(a) (7), and we intimate no answer to that question at this time.

cide), that does not mean that Appellant can ignore the injunction. So long as the issuing court had the power to entertain the action initially, an injunction is in full legal effect until properly attacked, either through appeal or a motion to modify. *See Balter v. Balter,* 284 Pa. Superior Ct. 350, 425 A.2d 1138 (1981); *Bowers v. Reitz,* 315 Pa. 310, 172 A. 707 (1934). Respect for orderly judicial process demands such a result.

Regarding Appellant's alternative contention that this action is a proper vehicle to modify the 1967 decree, we must point out that this action in assumpsit was filed in the law side of the court. The law side of the court does not have the power to issue, and thus does not have the power to alter, the equitable remedy of injunction. *See Village 2 at New Hope, Inc. v. Hausman,* 66 D. & C.2d 207, 216 (1974). It is up to the court of equity which issued the original decree to modify it. *See Borough of Trappe v. Longaker,* 59 Pa. Commonwealth Ct. 572, 576, 430 A.2d 713, 715-16 (1980). Although Pa. R.C.P. 1509(c) provides for the certification to the law side of actions for which there is an adequate nonstatutory remedy at law, there is no reverse corollary; "the court cannot transfer to the equity side an action improperly brought as an action of assumpsit." Goodrich-Amram 2d §1509(c):2 at 130. *See Village 2 at New Hope, Inc.,* 66 D. & C.2d at 217; *Wade v. Heisey,* 61 D. & C.2d 665, 666 (1973). Therefore, the lower court in this case was unable to modify the outstanding injunction and it properly dismissed the assumpsit action due to the presence of that injunction.[5]

---

[5] Even if the injunction could have been modified in the present action, the nearly three year delay since the 1977 amendment raises the question of inequitable hardship in modifying the decree prior to the 1980 filing of the case. *See Abbotts Dairies, Inc. v. City of Philadelphia,* 436 Pa. 131, 258 A.2d 634 (1969).

ORDER

The order of the Court of Common Pleas of Allegheny County, No. G.D. 80-26102, dated April 8, 1981, is hereby affirmed.