563 A.2d 1305

**WHITEWATER CHALLENGERS, INC. and Pocono Whitewater Limited, Appellants,**

v.

**WEATHERLY SCHOOL DISTRICT, Township of Lehigh and Jim Thorpe Area School District, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Sept. 14, 1989.

Reargument Denied Nov. 22, 1989.

Laurence W. Dague, Shumaker Williams, P.C., Harrisburg, for appellants.

Daniel A. Miscavige, Mylotte, David & Fitzpatrick, Hazleton, for Weatherly Area School Dist.

Jane F. Engler, Jim Thorpe, for Jim Thorpe Area School Dist., for appellee.

James R. Nanovic, Jim Thorpe, for Tp. of Lehigh.

Before CRUMLISH, Jr., President Judge, and BARRY and McGINLEY, JJ.

## OPINION

BARRY, Judge.

Whitewater Challengers, Incorporated, and Pocono Whitewater Limited (Rafters) appeal from an order of the Court of Common Pleas of Carbon County, which held the Rafters liable for the collection and remittance of an amusement tax imposed by Weatherly School District, Township of Lehigh, and Jim Thorpe Area School District (appellees).

The parties stipulated that the issue of Rafters' liability for the taxes be bifurcated from the issue of damages and submitted their case on the issue of liability to the trial court on a stipulated set of facts and exhibits. The trial court found that Lehigh Gorge Park is a state park maintained and operated by the Department of Environmental Resources (DER), Bureau of State Parks. The Lehigh River runs through this park. The Rafters are engaged in the business of offering whitewater rafting equipment rentals, guided tours, and instructions on whitewater rafting on the Lehigh River within the state park. The appellees passed resolutions which imposed an amusement tax on admissions of patrons to places of amusement that are within the limits of the school district or township. The amusement tax was a certain percentage of the admission fee charged by the Rafters. The resolutions placed a duty upon the owner of the amusement to collect the tax. The Rafters operated their business pursuant to concession license agreements granted by DER.

The patrons of the rafting activities assemble at the campground of the Rafters, and are then transported by the Rafters to the point of embarkation on the Lehigh River, located within the state park. The patrons are then guided down the river to the point of debarkation within the park, either in the Borough of Jim Thorpe or Lehigh Township.

The Rafters challenged the tax first of all, that on the ground that under Section 3 of the Local Tax Enabling Act, 53 P.S. § 6903, the imposition of a statutory license fee upon the Rafters by the Pennsylvania Legislature automatically vacated any application of plaintiffs' amusement taxes to the rafting activities. The trial court held that whitewater rafting involved neither total preemption of a field nor an expressed statutory prohibition of local taxing authority. *Citing Commonwealth of Pennsylvania v. Wilsbach Distributors*, 513 Pa. 215, 519 A.2d 397 (1986) (involving the liquor industry); *City of Pittsburgh v. Allegheny Valley Bank*, 488 Pa. 544, 412 A.2d 1366 (1980) (involving the banking industry). With this finding of the trial court we

are in agreement, however, we are not in agreement with the proposition that a school district or a local municipality can assess taxes under the Local Tax Enabling Act against recreational activities in a park owned by the Common- wealth. This issue was raised before the trial court, but never addressed by it.

The case of *Allegheny County v. Moon Township*, 436 Pa. 54, 258 A.2d 630 (1969), has not been overruled by the Supreme Court and to me seems dispositive. In that case Moon Township passed an ordinance providing for a 10% tax on the gross receipts of each commercial parking lot in the township. One of these lots, located at the Greater Pittsburgh International Airport, was owned by Allegheny County but run by a concessionaire. Allegheny County sued, claiming the tax was illegal. The Supreme Court held that the parking lot gross receipts were public property used for public purposes and, under Article VIII, § 2 of the Pennsylvania Constitution and enabling legislation, were tax exempt.

The question remains: Has *Allegheny County v. Moon Township* been implicitedly overruled by subsequent cases?

In the case of *Airway Arms, Inc. v. Moon Area School District*, 498 Pa. 286, 446 A.2d 234 (1982), a parking tax under the Local Tax Enabling Act was enacted requiring *patrons,* as in the present case, to pay a 15% tax of the cost for each parking transaction. The County of Allegheny was not a party to that case nor was the argument made that the tax was assessed against public property used for public purposes. The main thrust of the parking lot opera- tors' argument was that the tax violated the commerce and due process clauses of the U.S. Constitution. This argu- ment was struck down by the Supreme Court reversing the trial court and this Court which had found the tax unconsti- tutional. See *Airway Arms, Inc. v. Moon Area School District,* 59 Pa. Commonwealth Ct. 94, 428 A.2d 1028 (1981).

The latest case in this saga is *Moon Area School District v. Garzony,* 522 Pa. 178, 560 A.2d 1361 (1989),

which involved whether the parking lot operators could be compelled to collect and pay the parking tax found constitutional in *Airways Arms, Inc.* This Court, in an opinion at 107 Pa. Commonwealth Ct. 375, 529 A.2d 540 (1987), held that parking lot operators were required to collect the tax and account for the same to the school district. In an opinion filed June 26, 1989, the Supreme Court, 522 Pa. 178, 194, 560 A.2d 1361, 1366–67 reversed this Court and remanded to the court of common pleas for further proceedings. The Supreme Court found that the county could not be required to collect the tax and also that the operator was a servant of the county and was similarly immune from being required to collect the school district tax. Justice Papadakos pointed to the case of *Borough of Wilkinsburg v. School District of Wilkinsburg,* 365 Pa. 254, 74 A.2d 138 (1950), for the proposition that, without express statutory consent, a municipality cannot impose the duty of collecting a tax on any other political subdivision or agency of the commonwealth. As he stated, "Grant Oliver Corporation, hired to run a county airport parking lot must also be part of the political subdivision for tax collecting purposes. To hold otherwise would be mischievous." This observation is entirely consistent with our belief that *Allegheny County v. Moon Township,* is still the law.

■ The County in the *Airway Arms, Inc.* case did not raise a question concerning the validity of the tax. Of course, the Commonwealth, not being a party here, has not done so in this case. Nor have the appellants here raised the question of whether they should be required to collect the tax. Indeed, the present case was argued before this Court seventeen days before the Supreme Court decision in *Moon Area School District v. Garzony* and without the benefit of the decision of the Supreme Court in that case. We are certain that this litigation has not been concluded. We are also of the opinion that the tax cannot be imposed on activities in a facility of the Commonwealth. As *Allegheny County v. Moon Township* held this to be true for

political subdivisions, it is certainly also true of the Commonwealth.

In view of our disposition of this case we do not address the question advanced by the appellees that the Rafters are "the person[s] in possession and operation" of the rafting activities while the Commonwealth exercises only supervisory and regulatory authority over the Rafters.

This matter was argued before a panel consisting of Judge BARRY, Judge McGINLEY and Senior Judge KALISH. Due to the untimely death of Senior Judge KALISH, the case was submitted on the briefs to President Judge CRUMLISH, Jr., for his consideration as a member of the panel.

## ORDER

NOW, September 14, 1989, the order of the Court of Common Pleas of Carbon County, Nos. 88–0850, 88–0877, and 88–0832, is hereby reversed.