207    438
f207   443
207    438
208    ᴵ636ᵢ
207    438
28 SC  ᴵ191
207    438
e 33 SC ¹ 15

# Parker v. Washington Electric Street Railway Company, Appellant (No. 1).

*Negligence—Infant—Measure of responsibility—Contributory negligence —Province of court and jury.*

The measure of a child's responsibility for contributory negligence is his capacity to understand and avoid danger. In analogy to the common-law rule of responsibility for crimes committed, a child under seven years of age has been conclusively presumed to be incapable of appreciating and guarding against danger; and after seven the presumption of incapacity, although not irrebuttable and growing less strong with each year, continues until fourteen, when the presumption of capacity arises. But these are only convenient points in the uncertain line between capacity and incapacity at which the law changes the presumption. The standard of responsibility is the average capacity of others of the same age and experience and to this standard a child should be held in the absence of evidence on the subject. It follows that as responsibility depends upon the knowledge and experience of the child, and on the character of the danger to which he is exposed, generally the question is one for the jury and not for the court. This must always be so when the facts are in dispute or the inferences to be drawn from them are doubtful. But in clear cases, where the facts are settled and there can be no reasonable doubt as to the inferences to be drawn, the question may be determined by the court as matter of law.

In an action against a street railway company to recover damages for personal injuries suffered by a boy seven years and eight months old, the evidence showed that the plaintiff was received as a passenger on a car without any one accompanying him. After going into the car, the conductor subsequently found him standing on the platform and sent him into the car. The conductor subsequently left the car and it was in the sole charge of the motorman. When the car approached the crossing at which the plaintiff desired to alight, he went on to the front platform to tell the motorman where he wanted to get off. He remained on the platform with the motorman's knowledge without objection or warning, while the car ran for a distance of from one fifth to one half a mile. When near the crossing where he wished to get off, plaintiff stepped down on the step and held fast to the railing. As the car passed the crossing, he either stepped or jumped off and was injured. The court left it to the jury to find whether the motorman was negligent in permitting the boy to ride on the front platform, but declined to submit the question of the plaintiff's contributory negligence. *Held,* that the court committed no error, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 21, 1903. Appeal, No. 40, Oct. T., 1903, by

defendant, from judgment of C. P. Washington Co., Nov. T., 1902, No. 85, on verdict for plaintiff in case of Charles Parker by his next friend, Margaret Parker, v. Washington Electric Street Railway Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McILVAINE, P. J.

The facts are stated in the opinion of the Supreme Court.

Plaintiff presented this point :

If the jury find from the evidence that the motorman permitted the plaintiff, Charles Parker, to go on the front platform and to remain there while the car ran a distance of from 1,000 feet to half a mile, this was such negligence as will render the company liable for any injury which the boy sustained by reason of his being permitted to ride on the front platform. *Answer :* Affirmed. [1]

Defendant presented this point :

If the jury believe from the evidence that the plaintiff, Charles D. Parker, did actually know the danger in which he placed himself by attempting to alight from the front platform of a moving car and that knowing this fact he did attempt to jump off the car while in motion, he was then guilty of contributory negligence and cannot recover in this case and the verdict must be in favor of the defendant. *Answer :* Refused. We do not think that the evidence in this case is sufficient to rebut the presumption that a boy seven years and eight months old is not capable of being guilty of contributory negligence in a legal sense. [4]

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* were (1, 4) above instructions, quoting them.

*John H. Murdoch,* with him *Edgar B. Murdoch,* for appellant.—Although the plaintiff, Charles D. Parker, was injured while a passenger on the defendant's car, there could not arise any presumption of negligence on the part of the defendant for the reason that the accident was not connected with the

means of transportation: 1 Weimer Pa. R. R. Law, page 647; Thomas v. Phila. & Reading R. R. Co. 148 Pa. 180.

We contend that in view of the well known differences in capacity of children, it is competent to introduce evidence tending to show the extent or degree of knowledge and discretion, and when such facts appear in the case it is then the province of the jury to determine the question of negligence, which is always a question for the jury and not for the court: Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35 ; Phila. City Pass. Ry. Co. v. Hassard, 75 Pa. 367 ; Sandford v. R. R. Co., 136 Pa. 84 ; Strawbridge v. Bradford, 128 Pa. 200 ; Kehler v. Schwenk, 144 Pa. 348 ; West Phila. Pass Ry. Co. v. Gallagher, 108 Pa. 524.

What is negligence and whether negligence exists are usually questions of fact and for the determination of the jury. "Where both the duty and the extent of its performance are to be ascertained as facts, a jury alone can determine what is negligence and whether it has been proved:" Phila., etc., Ry. Co. v. Hassard, 75 Pa. 377 ; McCully v. Clarke & Thaw, 40 Pa. 399 ; Strawbridge v. Bradford, 128 Pa. 200, 205.

*R. W. Irwin,* with him *George B. Parker,* for appellees.— The motorman was guilty of negligence: Pittsburg, etc., Pass. Ry. Co. v. Caldwell, 74 Pa. 421 ; Levin v. Second Avenue Traction Co., 194 Pa. 156.

The court should not have submitted to the jury the question of the plaintiff's contributory negligence : Philadelphia City Pass Ry. Co. v. Hassard, 75 Pa. 367 ; Bradford City v. Downs, 126 Pa. 622 ; Taylor v. Del. & Hudson Canal Co., 113 Pa. 162 ; Sandford v. Hestonville, etc., Pass. Ry. Co., 153 Pa. 300.

OPINION BY MR. JUSTICE FELL, January 4, 1904 :

The plaintiff, a boy seven years and eight months old, unaccompanied by any one, was received as a passenger on one of the defendant's cars. Soon afterward, the conductor, in pursuance of a regulation of the company, left the car in charge of the motorman, who had the entire management of it over a part of the line on which the travel was light. After the conductor had left the car, the plaintiff opened the front door and went out on the platform to tell the motorman where he wanted to get off. He remained on the platform with the motorman's

knowledge and without objection or warning, while the car ran a distance estimated by one witness as 1,000 yards, and by another as half a mile.   When near the crossing where he wished to get off, the plaintiff stepped down on the step and held fast to the railing.   As the car passed the crossing, he either stepped or jumped off and was injured.   The court left it to the jury to find whether the motorman was negligent in permitting the boy to ride on the front platform, but declined to submit the question of the plaintiff's contributory negligence.

The measure of a child's responsibility for contributory negligence is his capacity to understand and avoid danger.   In analogy to the common-law rule of responsibility for crimes committed, a child under seven years of age has been conclusively presumed to be incapable of appreciating and guarding against danger; and after seven the presumption of incapacity, although not irrebutbable, and growing less strong with each year, continues until fourteen, when the presumption of capacity arises.   But these are only convenient points in the uncertain line between capacity and incapacity, at which the law changes the presumption.   The standard of responsibility is the average capacity of others of the same age and experience, and to this standard a child should be held in the absence of evidence on the subject: Kehler v. Schwenk, 144 Pa. 348.   It follows, that as responsibility depends upon the knowledge and experience of the child and on the character of the danger to which he is exposed, generally the question is one for the jury and not for the court.   This must always be so when the facts are in dispute or the inferences to be drawn from them are doubtful.   But in clear cases, where the facts are settled and there can be no reasonable doubt as to the inferences to be drawn, the question may be determined by the court as matter of law.   In Taylor v. Delaware and Hudson Canal Co., 113 Pa. 162, a girl eight years of age following a footpath which passed diagonally across the tracks of a railroad, stepped in front of a train standing on a switch, and was struck by a locomotive on the main track of the approach of which she was not aware.   It was held that because of her age she could not be charged with negligence, and that the question of contributory negligence did not arise in the case.   In Nagle v. Allegheny Valley Railroad Co., 88 Pa. 35, it was held that the presump-

tion that a boy of fourteen knew and could avoid the danger of crossing a railroad track, would prevail, and that in the absence of evidence of the want of such intelligence and discretion as is usual in those of his age, there could be no recovery for his death.

It may safely be said that the danger to which the jury found that the plaintiff was negligently exposed was not one that the average boy under eight years of age would understand. He could be held only to the standard of intelligence and caution of a boy of that age. The presumption in his favor was strengthened by the only evidence on the subject, elicited on cross-examination, that he did not know that there was any danger in riding on the front platform of the car. There was testimony by the defendant that the plaintiff had been seen by the conductor standing on the platform, and had been sent into the car. This testimony did not show that the plaintiff had perversely and persistently disobeyed a proper direction, and disregarded a danger of which he had been warned. No explanation accompanied the direction, and it was promptly obeyed. After the conductor had left the car, the plaintiff went onto the platform for a proper purpose, to tell the motorman where he wished to get off, and he remained there with the motorman's tacit consent.

The judgment is affirmed.