# Dynes v. Bromley, Appellant.

*Negligence—Infants—Contributory negligence—Master and servant—Question for jury.*

The measure of a boy's responsibility for contributory negligence is his capacity to understand and avoid danger. The standard of responsibility to which, in the absence of evidence on the subject, he will be held is the average capacity of others of the same age. Since his responsibility depends upon his knowledge and experience and upon the character of the danger to which he is exposed, the question is generally one for the jury. It must always be for them where there is doubt as to the facts or as to the inferences to be drawn from them.

In an action by a boy thirteen years and four months old against his employer, to recover damages for personal injuries sustained by plaintiff's clothes being caught in a dangerous machine, the evidence for plaintiff tended to show that the dangerous character of the work had not been explained to him. It also appeared that the danger of a boy's clothes being wrapped around a shaft, the rapidity of whose motion gave it the appearance of being stationary, or of their being caught by a projecting screw of which the boy probably knew nothing, was not obvious to anyone unfamiliar with machinery. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued March 22, 1904. Appeal, No. 283, Jan. T., 1903, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1902, No. 1485, on verdict for plaintiff, in case of Oliver Dynes and William Harrison Dynes, by his father and

next friend, Oliver Dynes, v. George D. Bromley, James A. Bromley and Frank B. Birch, Copartners, trading as James and George D. Bromley. Before DEAN, FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMichael, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff, Wm. Harrison Dynes, for $5,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*George L. Crawford,* of *Crawford & Loughlin,* for appellants. —It was error to submit the case to the jury : Custer v. B. & O. R. R. Co., 206 Pa. 529 ; Barry v. N. Y. Biscuit Co., 59 N. E. Repr. 75 ; Fick v. Jackson, 3 Pa. Superior Ct. 378 ; O'Keefe v. Thorn, 24 W. N. C. 379 ; Zurn v. Tetlow, 134 Pa. 213 ; Ford v. Anderson, 139 Pa. 261 ; Ash v. Verlenden, 154 Pa. 246 ; McEwen v. Hoopes, 175 Pa. 237 ; Welsh v. Butz, 202 Pa. 59 ; Swanson v. Crandall, 2 Pa. Superior Ct. 85.

*John J. Sullivan,* for appellees.—The case was for the jury : Rummel v. Dilworth, 131 Pa. 509 ; Welsh v. Butz, 202 Pa. 59 ; Doyle v. Pittsburg Waste Co., 204 Pa. 618 ; Lebbering v. Struthers, 157 Pa. 312 ; Ross v. Walker, 139 Pa. 42 ; Smith v. Hillside Coal & Iron Co., 186 Pa. 28 ; Fick v. Jackson, 3 Pa. Superior Ct. 378 ; O'Keefe v. Thorn, 24 W. N. C. 379 ; Zurn v. Tetlow, 134 Pa. 213 ; Ford v. Anderson, 139 Pa. 261 ; Ash v. Verlenden, 154 Pa. 246 ; McEwen v. Hoopes, 175 Pa. 237 ; Baldwin v. Urner, 206 Pa. 459 ; Rooney v. Sewall & Day Cordage Co., 161 Mass. 163 (36 N. E. Repr. 789) ; Cheyney v. Middlesex Co., 161 Mass. 296 (37 N. E. Repr. 175) ; Ciriack v. Woolen Co., 151 Mass. 152 (23 N. E. Repr. 829) ; O'Connor v. Whittall, 169 Mass. 563 (48 N. E. Repr. 844) ; Stuart v. West End Street Ry. Co., 163 Mass. 391 (40 N. E. Repr. 180) ; Barry v. N. Y. Biscuit Co., 59 N. E. Repr. 75 ; Coombs v. New Bedford Cordage Co., 102 Mass. 572 ; Roth v. Northern Pacific

Lumbering Co., 18 Oregon, 205 (22 Pac. Repr. 842) ; Wuotilla v. Duluth Lumber Co., 37 Minn. 153 (33 N. W. Repr. 551) ; Biggs v. Consolidated Barb-Wire Co., 60 Kansas, 217 (56 Pac. Repr. 4).

OPINION BY MR. JUSTICE FELL, April 11, 1904 :

The allegation of negligence on which this action is founded is that the defendants exposed a boy thirteen years and four months old, employed in their mill, to a danger which, because of his youth and inexperience, he did not understand and of which he had not been warned. The boy's work was to carry wool from a shredding and cleaning machine to another part of the room. This machine, known as a willow, was enclosed in a wooden box, but nine inches of the shaft to which the cylinder was attached projected through the side of the box into a passageway. To this end of the shaft a belt pulley sixteen inches in diameter was attached and held in place by a set screw which projected an inch and a quarter above the hub of the pulley. The face of the pulley was three inches wide and the shaft extended six inches beyond the hub. The shaft and pulley revolved four hundred and fifty times a minute. When gathering up the wool the boy stood in front of the willow, and when waiting for a load he stood in the passageway at its side and within a few inches of the pulley and shaft. He had been engaged in this work four weeks and at the time of the accident was standing at the side of the willow, with his back to the shaft and with his hands behind him. He slipped or stepped back, and his clothing was caught by the shaft or the set screw ; he was whirled around the shaft and sustained injuries that resulted in the loss of an arm.

The case was submitted to the jury with very full and clear instructions, which left but a single ground of recovery, that the boy had not been warned of the danger and was not aware of it, and that it was not so obvious as to be seen and understood by one of his experience and capacity. The only assignment of error is to the refusal of the judge to direct a verdict for the defendants. This could not properly have been done. The boy, when waiting for the wool to pass from the machine, was required to stand within a few inches of the shaft and pulley with his back to them, where a slight shifting of position would

bring him into contact with them. His attention was directed to his work and there was nothing to warn him of the danger behind him. He doubtless knew that if his body touched the pulley he would be hurt, but the danger of his clothes becoming wrapped around the shaft, the rapidity of whose motion gave it the appearance of being stationary, or of their being caught by the projecting screw, of which he probably knew nothing, was not obvious to anyone unfamiliar with machinery. The measure of the boy's responsibility for contributory negligence is his capacity to understand and avoid danger. The standard of responsibility to which, in the absence of evidence on the subject, he will be held is the average capacity of others of the same age. Since his responsibility depends upon his knowledge and experience and upon the character of the danger to which he is exposed, the question is generally one for the jury. It must always be for them when there is doubt as to the facts or as to the inferences to be drawn from them: Kehler v. Schwenk, 144 Pa. 348 ; Parker v. Railway Co., 207 Pa. 438. To the understanding of the plaintiff the danger may have been a hidden one. Whether it was such, the jury alone could determine.

The judgment is affirmed.