421 A.2d 782

**Vincent DUNN, a minor, by his parents and natural guardians, Edwin A. Dunn and Jacqueline Dunn, and by Edwin A. Dunn and Jacqueline Dunn, his wife, in their own right, Appellants,**

**v.**

**David TETI, a minor, by his parents and natural guardians, Ronald R. Teti and Margo Teti.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed Aug. 22, 1980.

Petitions for Allowance of Appeal Denied Dec. 18, 1980 and Feb. 3, 1981.

400

Robert D. Barozzini, Pittsburgh, for appellants.

Paul R. Marks, Pittsburgh, for appellees.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

■ Appellants take this appeal from an order of the court of common pleas en banc granting appellees' motion for summary judgment. The complaint alleged a cause of action in trespass for injuries to the minor–plaintiff, six years and two weeks old at the time of the accident, caused by the negligent swinging of a wooden stick by the minor–defendant, five years and seven months old at the time. The court granted summary judgment on the ground that the minor–defendant was under the age of seven years and, therefore, conclusively presumed incapable of negligence. Appellants contend that a minor of over five years of age is capable of actionable negligence and that this case should have proceeded to trial to allow a jury to apply the appropriate standard of care and decide the issue of negligence. We disagree and affirm the court of common pleas.

■ On a motion for summary judgment filed pursuant to Pa.R.C.P. No. 1035, the court must accept as true all well–pleaded facts and consider any admissions of record, *First Pennsylvania Bank v. Triester*, 251 Pa.Super. 372, 380

A.2d 826 (1977), resolving against the moving party any doubts as to the existence of a genuine issue of material fact. *Lehigh Electric Products Co. v. Pennsylvania National Mutual Casualty Insurance Co.*, 257 Pa.Super. 198, 390 A.2d 781 (1978); *Carollo v. Forty–Eight Insulation, Inc.*, 252 Pa.Super. 422, 381 A.2d 990 (1977). We are also mindful that summary judgment may only be granted in the clearest of cases. *Matson v. Parking Service Corp.*, 242 Pa.Super. 125, 363 A.2d 1192 (1976); *Granthum v. Textile Machine Works*, 230 Pa.Super. 199, 326 A.2d 449 (1974).

[4–6] The issue with which we are confronted in this case is the minimum age below which a child is incapable of acting negligently because he lacks the attention, intelligence and judgment necessary to enable him to perceive risk and recognize its unreasonable character. The obligation to use reasonable care extends to both adults and minors, but the standard against which the acts of a child are measured to determine if they constitute negligent conduct varies from that employed for adults. When measuring the conduct of children, courts depart from the well–known objective test of the care of a reasonable and prudent man, the test generally utilized to judge adult behavior, *Gift v. Palmer*, 392 Pa. 628, 141 A.2d 408 (1958); *Aquadro v. Crandall–McKenzie and Henderson, Inc.*, 182 Pa.Super. 435, 128 A.2d 147 (1956), and make allowance for immaturity. A child is held to that measure of care that other minors of like age, experience, capacity and development would ordinarily exercise under similar circumstances. *Kuhns v. Brugger*, 390 Pa. 331, 135 A.2d 395 (1957); *Koenig v. Flaherty*, 383 Pa. 187, 117 A.2d 719 (1955).

The application of this standard is clarified by the use of several presumptions delineating convenient points to aid in drawing the uncertain line between capacity to appreciate and guard against danger and incapacity: (1) minors under the age of seven years are conclusively presumed incapable of negligence; (2) minors between the ages of seven and fourteen years are presumed incapable of negligence, but the presumption is a rebuttable one that weakens as the

fourteenth year is approached; (3) minors over the age of fourteen years are presumptively capable of negligence, with the burden placed on the minor to prove incapacity. *Kuhns v. Brugger, supra.* These presumptions were arrived at by analogy to the common–law rule of responsibility for committing crimes, *see Commonwealth v. Green,* 396 Pa. 137, 151 A.2d 241 (1959); *Commonwealth v. Bowes,* 166 Pa.Super. 625, 74 A.2d 795 (1950), and were initially applied to measure a child's responsibility for contributory negligence. *Parker v. Washington Electric Street Railway Co.,* 207 Pa. 438, 56 A. 1001 (1904). *See Masters v. Alexander,* 424 Pa. 65, 225 A.2d 905 (1967); *Smith v. Waldman,* 193 Pa.Super. 166, 164 A.2d 20 (1960). From the cases in which contributory negligence was in issue, our supreme court in *Kuhns v. Brugger, supra,* deduced the standard of care to be applied in negligence cases in which liability is sought to be imposed upon a minor.

Appellants argue that since the court in *Kuhns* relied upon cases in which contributory negligence was in issue rather than actionable negligence, it should be limited to its facts, which involved a twelve–year–old child. They contend that the language in *Kuhns* concerning application of a conclusive presumption of incapability of negligence to those under the age of seven years is dictum that should be bypassed in favor of a flexible determination by the jury of the minor–defendant's ability to appreciate danger, taking into account the differing facts of each case. While we acknowledge that the facts of *Kuhns* are not entirely similar to the instant case, we find its principles controlling.

Failure to apply the age presumptions set forth in *Kuhns* to allegedly negligent minor defendants would result in treating a child's conduct differently when his own liability is in question as opposed to when he seeks to recover from another but has allegedly been contributorily negligent. Utilization of the presumptions solely in the latter circumstance, in which their application is long recognized and soundly established, would result in holding a child less responsible for his acts when he is a plaintiff than when he

is a defendant. Although arguments have been advanced in favor of such a result, we do not find them persuasive.

The first of two such arguments is that contributory negligence usually involves a child's comprehension of the acts or neglect of people around him, and it takes greater maturity and judgment to comprehend and avoid danger created by others than to avoid danger created by one's own acts. *See Zuckerbrod v. Burch*, 88 N.J.Super. 1, 210 A.2d 425 (1965). This argument is completely speculative in nature. It is just as easily argued (and just as speculative), that greater maturity and more sophisticated judgment is required for a child to recognize that another will be harmed by his conduct than for a child to develop the ability to recognize danger to himself from another's conduct because the latter ability derives from an instinct for self preservation, which is developed at an early age. *See* 67 A.L.R.2d 570, 576 n.17 (1959). The critical point is that the condition of immaturity is equally applicable to the acts of the child regardless of whether he is labeled plaintiff or defendant, and in either case the same standard should be applied. *See* W. Prosser, The Law of Torts § 51 (2d ed. 1955) (adult plaintiff required to conform to same standard of conduct as used to determine negligence).

The second argument is that a strong public policy exists to protect children from losses due to their own immaturity despite their contributory negligence, especially against an admittedly negligent adult defendant. *See Zuckerbrod v. Burch, supra*; H. Shulman, "The Standard of Care Required of Children," 37 Yale L.J. 618, 619 (1928). We note, however, that in conjunction with the recognition of immaturity, we must also recognize that the capacity to understand and appreciate the consequences of acts develops gradually with the acquisition of age and experience. The conclusive presumption that a child was incapable of contributory negligence until he reached the age of seven years developed out of the need for a practical and simple rule to achieve expediency in the determination of capacity. This need is equally apparent in cases of actionable negligence.

"The law fixes no arbitrary period when the immunity of childhood ceases and the responsibilities of life begin. . . . At what age then must an infant's responsibility for negligence be presumed to commence? This question cannot be answered by referring it to the jury. That would furnish us with no rule whatever. It would give us a mere shifting standard, affected by the sympathies or prejudices of the jury in each particular case. . . . It is a question of law for the court." *Nagle v. Allegheny Valley Railroad Co.*, 88 Pa. 35, 39 (1878).

Recognizing the application to children less than seven years of age of the conclusive presumption of incapability of negligence and finding the essential facts not in dispute, we determine that upon their own showing, appellants were not entitled to relief. The court of common pleas properly granted summary judgment.

Order affirmed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I disagree with the Majority's extension of *Kuhns v. Brugger*, 390 Pa. 331, 135 A.2d 395 (1957), to the facts of this case. When determining whether a child is capable of acting negligently, the standard to be applied is that of a reasonable person of like age, intelligence and experience under the circumstances. Restatement of Torts (Second) § 283A. This standard, unlike the Majority's conclusive presumption, adequately takes into account the differing capacities of children of the same age to appreciate and cope with the dangers of a given situation.

Although a conclusive presumption of inability to act negligently may be appropriate where the defendant is a child of three or four years, such a presumption is not appropriate here. The child in this case is five years and seven months old. The complaint alleged that the defendant–child caused an injury to the plaintiff by swinging a wooden stick. Considering this, a jury should be given the

opportunity to determine whether such an action, taking into account the child's age, intelligence and experience, was negligent.

Because the issue of negligence should have been submitted to the jury with instructions as to the child's appropriate standard of care, I dissent.